HATTIE T. MORSE, Appellant, *vs.* ALBERT W. LORENZ *et al.*
Appellees.

*Opinion filed February 21, 1914.*

1. FREEHOLD—*when a proceeding involves a freehold.* A proceeding to enjoin the defendants from interfering with water pipes and sewer extending from complainant's house through the land of the defendant, under an agreement that complainant might so use the defendant's land until water pipes and sewer were put in the street in front of complainant's house, involves a freehold, since the easement so claimed may be perpetual.

2. EASEMENTS—*when privilege of maintaining water pipes and sewer is a mere license.* An oral agreement by the owner of a lot to allow water pipes and sewer to be laid through such lot and maintained until such time as water pipes and sewer should be laid in a certain street is within section 2 of the Statute of Frauds and is a mere license which is revocable at will, whether any consideration was paid for the privilege or not, and a court of equity will not enjoin the owner of the lot from taking up the pipes and sewer. (*Ashelford* v. *Willis,* 194 Ill. 492, and *Schmidt* v. *Brown,* 226 id. 590, distinguished.)

APPEAL from the Superior Court of Cook county; the Hon. CHARLES M. FOELL, Judge, presiding.

THEODORE A. KOLB, for appellant.

H. T. WILCOXON, for appellees.

Mr. JUSTICE DUNN delivered the opinion of the court:

The appellant filed her bill for an injunction against the appellees and made a motion for a temporary injunction. The appellees moved to dismiss the bill. The chancellor denied the motion for an injunction and dismissed the bill for want of equity, and the complainant appealed.

The bill alleges, in substance, that in 1909 the appellant owned a lot in the city of Park Ridge, in Cook county, fronting west on Greenwood avenue, and appellees owned a lot fronting east on Chester avenue, the rear ends of

these lots being diagonally across an alley from each other, the south boundary of the appellees' lot being in a line with the north boundary of the appellant's. The appellant's lot was not improved, while the appellees resided in a dwelling on their lot. Chester avenue had sewer and water mains therein, laid by the city, while Greenwood avenue was without either. The appellant desired to erect a dwelling on her lot and install therein drains, sinks, wash basins, toilets, bath tubs and running water. She planned to extend sewer and water service-pipes from her dwelling east across the alley and across a vacant lot directly east of her lot to the sewer and water mains in Chester avenue, but Albert W. Lorenz, one of the appellees, learning of these plans, set out to induce the appellant to lay the said sewer and water service-pipes across the appellees' lot and offered to give the necessary permission thereto, such use of the appellees' lot to be without any compensation to them, but free. The expense of laying such pipes through the lot immediately back of her house would have been far less than to lay them through the appellees' lot, but the appellant was finally persuaded by Albert W. Lorenz to abandon her original plan at his request and in consideration of his agreement to permit her, without any charge or expense whatever, to cross over the appellees' lot with said sewer and water service-pipes, and of his agreement that, in consideration of the appellant's changing and abandoning her original plans and accepting his offer, she could lay the said sewer and water service-pipes over the appellees' lot and connect with the sewer and water mains in Chester avenue without becoming liable for any damage done to the said lot, and without any rent or compensation for the use of the said lot, until such time as Greenwood avenue might have sewer and water mains. Lorenz also offered and agreed to reduce the said permission and agreement to writing, but the appellant said that she would not impose upon his generosity to that extent but that she trusted him and would rely upon

his word and verbal contract. Thereupon the appellant erected her house, extended a sewer and a water service-pipe across the appellees' lot, connecting her house with the sewer and water main in Chester avenue, and expended a large amount of money in so doing. She continued in the use of such sewer and water service-pipes, undisturbed and unquestioned, until August 21, 1913, when her husband received a letter from Albert W. Lorenz reminding him that the matter of an easement on the sewer and water pipes running through the appellees' lot was undisposed of. An exchange of letters followed, closing with a notice, dated September 15, 1913, of Lorenz's intention to remove the sewer and water pipes at the expiration of ten days. To prevent such removal this bill was filed on September 25.

The appeal is brought to this court on the ground that a freehold is involved,—that is, the right claimed by the appellant to maintain the sewer and water service-pipes from her lot across the appellees' lot until sewer and water mains may be laid in Greenwood avenue. This right would impose upon the appellees' lot a servitude for the benefit of the appellant's lot, constituting an easement, (*Chronic* v. *Pugh*, 136 Ill. 539; *City of Chicago* v. *Green*, 238 id. 258;) which may be perpetual, since sewer and water mains may never be laid in Greenwood avenue, and therefore amounts to a freehold. (*Bruner* v. *Hicks*, 230 Ill. 536; *Illinois Kaolin Co.* v. *Goodman*, 252 id. 99.) Such an interest in land can be created only by deed or prescription. It cannot be granted by parol. The oral consent of the appellees, under section 2 of the Statute of Frauds, vested no interest in the land in the appellant. It is insisted by the appellant that the Statute of Frauds does not apply here because an interest in lands for a longer time than one year is not involved, basing her claim upon the construction given to the first section of the statute, that contracts not to be performed within one year are such,

only, as cannot be performed within a year. A freehold is greater than any term of years, and though a life estate may terminate within a year it is subject to section 2 of the statute. A decree in favor of the appellant would establish an easement in the appellees' lot in her favor for an indefinite time, which might be perpetual, and therefore a freehold is involved.

The oral permission to lay the sewer and water service-pipes through the appellees' lot amounted to no more than a mere license, revocable at the will of the appellees. The license was not coupled with an interest in the land, for such interest cannot be granted by parol. Early in the history of the State it was decided that a parol license to overflow the lands of the licensor will not be enforced in equity even in favor of one who, acting under the license in good faith, has made valuable improvements on his own land which will become worthless if the license is revoked. (*Woodward* v. *Seely,* 11 Ill. 157.) The court said (p. 164) : "A right of way, it is said, cannot be granted by parol but must be founded upon a deed or writing, or presumption which presupposes one, and it is difficult to conceive how the right to pass over the land of another should constitute an interest in it incapable of being granted by parol, while the right to cover it with water constitutes no such interest. In our judgment a license perpetually to overflow the land of the defendants would create an interest in it and therefore could not be granted by parol, consequently the license in this case carried with it no interest and was revocable at the will of the party granting it. The defendants have chosen to revoke it, and thereupon the complainants become liable for any subsequent overflow of the land. It makes no difference that the complainants may have acted upon the parol license and erected valuable buildings, which will become worthless in case the license is revoked. Before acting so imprudently they should have acquired permission by deed to overflow the land of the defendants.

Nor can the complainants call upon a court of equity to enforce the license upon the ground that they have made valuable improvements and expended their money relying in good faith upon it. It is not like the case of a parol purchase of land, where the purchaser contracts to pay the value of the land, enters into possession and makes valuable improvements, when a court of equity will compel the vendor, who has received the purchase money, to make a title to the land; and courts have sometimes regretted that the statute should so far have been departed from as to allow parol contracts for the sale of lands, even under such circumstances, to be enforced. To enforce the license in this case, where nothing was ever paid or agreed to be paid the defendants for the privilege of flowing their land, and where no improvements have been made upon or possession taken of it except by covering it with water, would be a still farther departure from the statute by extending a doctrine originally of doubtful propriety, and which, if it were a new question, would now perhaps be settled otherwise."

The rule announced in the *Woodward case* that a license to do an act or series of acts on the land of the licensor may be revoked at the pleasure of the licensor has been frequently reiterated by the court in later cases and has never been departed from. (*Kamphouse* v. *Gaffner,* 73 Ill. 453; *Forbes* v. *Balenseifer,* 74 id. 183; *Tanner* v. *Volentine,* 75 id. 624; *St. Louis National Stock Yards* v. *Wiggins Ferry Co.* 112 id. 384; *Village of Dwight* v. *Hayes,* 150 id. 273; *Wilmington Water Power Co.* v. *Evans,* 166 id. 548; *Lambe* v. *Manning,* 171 id. 612; *Entwhistle* v. *Henke,* 211 id. 273; *City of Chicago* v. *Green, supra.*) In *Entwhistle* v. *Henke, supra,* the court expressly approved the doctrine of *Woodward* v. *Seely,* and after citing the subsequent cases said (p. 277): "Since then, in the several later cases involving the question, we have uniformly accepted,—indeed, re-affirmed,—the doctrine of the case of *Woodward* v. *Seely.* If the rule is harsh and unjust in its

operation the remedy must now be afforded by enactments of the law-making body of the State. The fact that the General Assembly has not, in the many years that have elapsed since the decision was rendered in *Woodward* v. *Seely,* been moved to adopt some corrective enactment, would seem to indicate very strongly that the doctrine had proved to be wholesome and satisfactory and not harsh or unjust. The rule is founded in considerations of good public policy, which forbids the burdening of lands with restrictions founded only on alleged oral agreements easily misunderstood. The security and certainty of titles to land is of the utmost public importance, and the rule that defects therein and qualifications thereof should not rest in mere oral contracts should not be departed from in order to save parties from the consequences of their own carelessness or credulity."

The appellant insists that there was an oral grant to her of the right to lay the pipes for a definite, determinable period, upon a good consideration, under which she has taken possession and expended money, and that under such circumstances equity will give effect to the grant in spite of the Statute of Frauds. Counsel relies to some extent upon the rule that courts of equity will enforce contracts, not in writing, to convey land where the purchaser has paid the consideration, gone into possession and made lasting and valuable improvements, so that he has been put in a position which will operate as a fraud on him if the contract is not performed. But counsel states that such part performance must be made under a contract or grant for an interest in land and not under a verbal license. Here there is no allegation of any grant or contract to convey any interest in the land. The allegation is that Albert W. Lorenz offered to give the necessary permission that the appellant could lay the pipes in the appellees' lot. Even if the permission had been for a definite, determinable period

it would have made no difference, for the court, in *Woodward* v. *Seely, supra,* approves the doctrine that a right to come and remain for a certain time upon the land of another can be granted only by deed, and that a parol license to do so, though money be paid for it, is revocable at any time and without paying back the money. Though it is unimportant, no consideration was alleged for the license. It is averred that the appellant changed her original plan of going across the lot immediately back of her house, but it is not alleged that she had the right to go across that lot or even that she could have acquired such right. No possession was taken or money expended except in laying the pipes. The whole case stated by the bill is, that the appellees gave the appellant permission to lay sewer and water pipes in their lot, that the appellant put them there, and that the appellees then revoked the license. Equity will not relieve the appellant from the position in which by her improvidence she has thus placed herself.

The appellant has cited the cases of *Ashelford* v. *Willis,* 194 Ill. 492, and *Schmidt* v. *Brown,* 226 id. 590, as sustaining her position. In the first case there was an actual sale of the right of way involved, in connection with the sale of a farm and an attempted grant which was defective because not under seal, and it was held that the purchaser acquired an equitable title to the right of way. In the other case the court held that the contract under which defendant claimed was utterly void under the Statute of Frauds, but that it might, nevertheless, serve to show that the defendant's user was under a claim of right, and was therefore adverse to plaintiff under the Statute of Limitations.

The decree is affirmed.     *Decree affirmed.*