(No. 20274.—

THOMAS BAIRD *et al.* Appellees, *vs.* ERIC WESTBERG *et al.*
Appellants.

*Opinion filed December 18, 1930.*

WALTER C. SCHNEIDER, for appellants.

HUNTER & MINOR, and W. H. DYER, for appellees.

Mr. JUSTICE ORR delivered the opinion of the court:

A bill in chancery was filed in the circuit court of Kankakee county by Thomas Baird and Opal Baird, appellees, against the appellants, Eric Westberg and Tillie Westberg, praying a temporary and perpetual injunction to restrain them from interfering with the Bairds' use of a private driveway and turning-space used jointly by the Bairds and Westbergs and leading into their respective garages. The

chancellor found that both parties were entitled to the permanent joint use of this driveway and turning-space, and a decree was entered perpetually enjoining the Westbergs from erecting any obstruction to travel in the driveway and from interfering in any way with its proper use by the Bairds. From this decree the present appeal was taken.

The evidence shows that the Bairds, as joint tenants, are the owners in fee of lot 4 and that the Westbergs jointly own lot 5, lying immediately east of lot 4 in block 18, in the city of Kankakee. Both lots are improved by dwelling houses occupied by their respective owners. Both lots face north on Cobb boulevard and slope from the north to their southern boundary along the Kankakee river. In November, 1923, the lot owners entered into a verbal agreement to establish a joint driveway from Cobb boulevard to their garages. This driveway centered on the common boundary line between the lots and occupied a four-foot strip on each lot. At a convenient distance before reaching the garages the driveway widened on both properties to enable the owners to turn their cars and thus avoid backing into the street. From the sidewalk in Cobb boulevard to the garages the driveway was surfaced with cinders and the expense of its construction was borne by the lot owners in substantially equal amounts. The evidence is conflicting as to which of the owners first proposed the building of this common driveway, but the record is conclusive that the verbal agreement made between the owners contained no element of perpetual or stated duration of time. After the driveway was established and had been used some years by both parties the Bairds filled in the front portion of their lot, landscaped it with trees and shrubbery and built concrete walks and steps from their house to the garage and to the driveway opposite their house. The east side of the Baird house is twenty feet from the center line of the driveway, there being ample space, if need be, for a driveway entirely on their own lot. In October, 1928, the Westbergs notified the Bairds that

they expected to have a driveway entirely upon their own lot and expected the Bairds to likewise provide for themselves, and that the Westbergs would erect a line fence along the boundary line between the two properties and thus prevent the Bairds from using the joint driveway, turning-space and approaches. In October, 1929, the Westbergs told the Bairds that the material for the fence had been ordered and the fence would be erected immediately upon its arrival. This brought about the filing of the bill in chancery and decree above referred to.

By this appeal the Westbergs contend that equity lacks jurisdiction as they can respond in damages in a suit at law which provides the Bairds with an adequate remedy, and further that the bill of complaint should have been dismissed for want of equity. In behalf of the Bairds it is contended that the mutual agreement between the parties, even though verbal, gave both parties valuable advantages, which were accepted and acted upon and constituted an easement on the four feet of each parties' land in favor of the other, and that even if such right is in the nature of a license it is irrevocable, because the parties have acted upon it in constructing a work of permanent character and have incurred expenses in its execution.

The agreement by which the Bairds claim an easement to use a four-foot strip of the Westbergs' land was a verbal agreement. It is fundamental that an easement in lands cannot be created by parol but only by grant or by prescription, which presumes a grant. (*Lake Erie and Western Railroad Co.* v. *Witham,* 155 Ill. 514; *Girard* v. *Lehigh Stone Co.* 280 id. 479.) A parol license is revocable though a consideration has been paid or expenditures have been made upon the faith of the agreement. (*St. Louis Nat. Stock Yards* v. *Wiggins Ferry Co.* 112 Ill. 384; *Tanner* v. *Volentine,* 75 id. 624.) However, courts of equity will step in to restrain the exercise of a legal right to revoke a license when the conduct of the licensor has been such that the

assertion of the legal title would operate as a fraud upon the licensee. (*Hunt* v. *Sain,* 181 Ill. 372; *Kamphouse* v. *Gaffner,* 73 id. 453; *Russell* v. *Hubbard,* 59 id. 335; *Girard* v. *Lehigh Stone Co. supra.*) The facts of this case do not bring it within the rule laid down in the cases last cited.

In the early case of *Woodward* v. *Seely,* 11 Ill. 157, the complainants made valuable improvements on their land on the faith of a parol license, the licensors having urged and persuaded complainants to make the improvements, and in denying relief to the complainants this court held that a license to perpetually overflow the land of defendants created an interest in such land and such an interest could not be granted by parol, saying: "It makes no difference that the complainants may have acted upon the parol license and erected valuable buildings, which will become worthless in case the license is revoked. Before acting so imprudently they should have acquired permission by deed to overflow the land of the defendants."

*Bontz* v. *Stear,* 285 Ill. 599, was a case to restrain the defendant from using a wagon-road across plaintiff's land. The road had been used for nearly fifty years jointly and the repairs and upkeep were shared. The license of the defendant was a verbal one and was to last as long as complainant lived. This court there held that such verbal license could not ripen into a prescriptive right and might be rescinded at any time, citing *City of Quincy* v. *Jones,* 76 Ill. 231.

*Morse* v. *Lorenz,* 262 Ill. 115, presented a situation where the licensor urged and persuaded the licensee to expend money under a parol license which should continue until sewer and water mains were put in complainant's street. After four years, and before the conditions had arisen upon which the license was to determine, the license was revoked, and this court held that the parol agreement, under section 2 of the Statute of Frauds, vested no interest in the land involved, and that equity would not relieve the licensee

from the position in which she had placed herself by her own improvidence. Of like tenor are *Village of Dwight* v. *Hayes,* 150 Ill. 273, and *Lambe* v. *Manning,* 171 id. 612.

*Forbe*s v. *Balenseifer,* 74 Ill. 183, was a driveway case, where a driveway arrangement between the parties was held to be a mere license, revocable at any time, and did not constitute an easement. In that case the rule enunciated in *Russell* v. *Hubbard, supra,* was distinguished and the doctrine of estoppel limited to that class of cases where large sums of money had been expended under the license, partly for the benefit of the licensor, and where the position of the licensee had been so changed at the request of the licensor that he could not by revocation be restored to his original position or be compensated in damages.

In the pending case no showing is made that the Westbergs either directly or indirectly urged, persuaded or induced the Bairds to make the landscaping and improvements upon their property. These improvements were all made by the Bairds on their own lot and were not for the benefit of the Westbergs or their land. From the record it appears that the agreement between the litigants is nothing more than a parol license with reciprocal features, and at the time the verbal agreement was made in this case nothing was said or done which made the license perpetual or indicated that it should persist for a definite period. It was therefore revocable by either party at any time. Ample room exists between the common boundary line of the lots and the Baird house for the building of a driveway entirely on their own lot. Simply because the Bairds improvidently made improvements amounting to several hundreds of dollars on their own property and will be put to expense in revamping their lot and constructing their own driveway does not present a situation where the exception to the general rule will apply. The Statute of Frauds clearly acts as a prohibition to relief.

*Decree reversed.*