Mamie H. Tucker, Appellee, v. Carter Oil Company, Appellant.
Carter Oil Company, Appellant, v. Mamie H. Tucker and George Tucker, Appellees.

Heard in this court at the May term, 1942. Opinion filed June 27, 1942.

WALTER DAVISON and CRAIG & CRAIG, all of Mattoon, for appellant; L. G. OWEN, of Tulsa, Oklahoma, of counsel.

MURRAY & MILLER, of Vandalia, for appellee.

MR. JUSTICE CULBERTSON delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Fayette county enjoining the Carter Oil Company

(hereinafter referred to as defendant) from disconnecting the gas line which ran to the residence of Mamie H. Tucker (hereinafter called plaintiff). The suit was filed originally by plaintiff as against the defendant, and the defendant filed a counterclaim and brought in the husband of plaintiff, George Tucker, as an additional defendant in its counterclaim, in which it sought to have plaintiff and her husband enjoined from using gas and making reconnections with a line when disconnected by the defendant company.

The evidence and the pleadings disclose that the plaintiff was the owner of certain real estate in which an oil and gas lease was given to one Von Almen in 1936. That lease was assigned in 1937 to defendant company. Thereafter, on June 23, 1939, the defendant company assigned the lease to I. Rudman. That lease included 40 acres of land in addition to the 20-acre tract involved in this proceeding. On October 29, 1940, Rudman reassigned the oil and gas lease on the 20-acre tract herein involved, to the defendant company, which agreement was made effective as of September 1, 1940. During the period while Rudman held the lease on the premises the plaintiff was permitted, from October 1, 1939, to use what is known as "wet gas" or "casinghead gas" from one of the oil wells on the 20-acre tract, for domestic purposes in her residence property, which was located on the adjoining 40-acre tract. The defendant company disconnected the gas from the residence of plaintiff after the lease on the 20 acres was reassigned to the plaintiff Rudman. The plaintiff thereafter filed this action to enjoin the defendant company from disconnecting them.

The facts herein referred to were set forth in such complaint. The defendant company filed an answer and a counterclaim, setting up that the agreement by which plaintiff was permitted to use the wet gas on the 20-acre tract leased to Rudman, was simply a volun-

tary oral agreement, without consideration, and constituted a mere license. It was shown that the plaintiff had been notified by defendant to disconnect the connection and that the defendant had disconnected the gas a number of times, and, likewise, that plaintiff and her husband had repeatedly reconnected at different points on the line. It was also contended that the use of the wet gas was dangerous and in violation of the common law and statutes of the State of Illinois but, in view of what we have to say about the issues in this case, it is not necessary that we determine that question. It is the contention of the defendant company that, in any event, the oral agreement constituted a mere license, which was revocable at will and that the notice given by the defendant company to the plaintiff constituted a revocation of the license.

There was evidence to the effect that plaintiff and Rudman had entered into the agreement with reference to the use of the gas upon the basis of certain concessions by the plaintiff, but no specific period during which such gas was to be used was agreed upon, nor is there any evidence in the record that any particular point of connection was understood or agreed upon. The plaintiff contends that her agreement with Rudman constituted an equitable charge or servitude upon the land, which was irrevocable in equity, and that the rights of the plaintiff could be sustained on the theory of being a license, coupled with an interest. In this connection, plaintiff states that through the agreement with Rudman, all of the consideration required of plaintiff had passed and that the agreement was completely executed so far as plaintiff was concerned.

The court below had denied the application for a temporary injunction but, as indicated at the outset of this opinion, had entered a decree permanently enjoining the defendant company from disconnecting the gas line which ran to the residence of plaintiff from the oil well on the premises involved in this action, in

which the defendant company is the lessee. The adjoining premises, upon which the residence of plaintiff was located, was not involved in the lease, pursuant to which the defendant company was operating the oil wells.

It is the contention of defendant that if the right to use the gas from the premises constituted an interest in land, the oral agreement attempted to be made, was void and in violation of the statute of frauds, and that such oral agreement relied upon by plaintiff as giving her the right to use the gas in her residence property, created a bare license. It was also contended that this is true irrespective of whether or not plaintiff paid a consideration for the oral agreement and that the oral agreement was revocable at will. It is additionally asserted that the reassignment to the defendant company constituted a revocation, and that, in any event, the notice served on the plaintiff constituted an express revocation of the license.

We have previously, in the case of *Hein v. Shell Oil Co., Inc.,* 315 Ill. App. 297 (decided at this term), indicated that an action for injunction, seeking to restrain a breach of contract, being in substance a suit for specific performance, is governed by rules applicable to that remedy (*Chicago Municipal Gas Light & Fuel Co. v. Town of Lake,* 130 Ill. 42, 60), and that such equitable enforcement of agreements will not be granted where the agreement is vague, indefinite and uncertain (*Cleveland v. Martin,* 218 Ill. 73, 89; *Streator Independent Telephone & Telegraph Co. v. Interstate Independent Telephone & Telegraph Co.,* 142 Ill. App. 183, 193). The agreement in the instant case is admittedly vague, indefinite and uncertain in that the plaintiff's testimony showed that the amount of gas to be received was not fixed. Neither was the period for which it was to be received, nor, in fact, was the place from which she was to get the gas specified.

In common with the lease provisions in the case of *Hein v. Shell Oil Co., Inc., supra,* the only provision relating to domestic use of gas in the instant case, was a clause referring to the use of gas from wells where "gas only" is found. There is no contention that any rights accrued to plaintiff in this connection, other than through the oral agreement with Rudman, and the sole question to be determined is whether or not that agreement is now binding on the defendant company.

The Supreme Court of this State has determined that there cannot be any title to any specific quantity of gas or oil in place, and that if there is a grant of oil or gas, the title vests in the person to whom the grant is made when the oil or gas is produced and reduced to possession (*Triger v. Carter Oil Co.,* 372 Ill. 182, 185). On that basis, in view of the agreement to which plaintiff testified, between herself and Rudman, there was an undertaking to deliver certain personal property (that is, the wet or casinghead gas, after it had been produced and recovered), to the residence of plaintiff on adjoining premises and not on the premises where it was being produced. We must conclude that such an agreement created a bare license that did not run with the land, and that license was clearly terminated, at least, by the notice given by the defendant company.

Another factor which militates against the contention of the plaintiff in the instant case, is the circumstance that the residence property affected by the agreement is not located upon the premises assigned to the defendant company, but is actually located upon adjoining premises. As pointed out in the case of *Keogh v. Peck,* 316 Ill. 318, 327, for a covenant or agreement to run with the land, the act to be done or permitted must concern the land or the estate granted.

The oral agreement upon which plaintiff relies clearly created a mere license, which as we have pointed

out, was expressly revoked by the notice given by the defendant company, if not by the actual assignment from Rudman. As stated by the Supreme Court of our State, in the case of *Woodward v. Seely,* 11 Ill. 157, at page 165.

"It makes no difference that the complainants may have acted upon the parol license and erected valuable buildings which will become worthless in case the license is revoked. Before acting so imprudently they should have acquired permission by deed to overflow the land of defendants. Nor can complainants call upon a Court of Equity to enforce the license, upon the ground that they have made valuable improvements and expended their money relying in good faith upon it."

Many cases have similarly concluded that such a verbal license might be rescinded at any time, that it vested no interest in the land involved, and that equity would not relieve the licensee from the position in which she had placed herself by her own improvidence (*Bontz v. Stear,* 285 Ill. 599; *Morse v. Lorenz,* 262 Ill. 115; *Baird v. Westberg,* 341 Ill. 616, 620; *Boland v. Walters,* 346 Ill. 184).

In the case of *Boland v. Walters, supra,* the court says at page 188:

"Unless the evidence be clearly to the contrary, a Court will presume that a parol agreement to impress real property with a servitude was made with a knowledge of the provisions of the Statute of Frauds, and was therefore intended as a license only, and not as an easement. A parol license is revocable although a consideration has been paid or expenditures have been made upon the faith of the agreement."

There are no facts present in the instant case which would make such general rule of interpretation inapplicable on the ground that to do so would constitute a fraud upon the plaintiff. The facts in the instant case disclose that the defendant company had nothing whatever to do with permitting the plaintiff to use the gas,

that plaintiff had made her arrangement with Rudman, and that she and her husband had actually signed a release so far as Rudman's company was concerned to relieve Rudman's organization from liability for damages.

We have examined the contentions of the plaintiff as to the question of notice and we find therein, and in the facts disclosed in this record, no reason for departing from the rule announced in the cases cited herein, to the effect that such license is revocable.

We must, therefore, conclude that the decree of the circuit court of Fayette county should be reversed and that such court should be directed to dismiss the complaint for want of equity, and to grant to the defendant oil company the injunctive relief as prayed for in the counterclaim filed herein.

*Reversed and remanded, with directions.*