(No. 26982.—

MARY LANG, Appellee, *vs.* EDWARD H. DUPUIS *et al.,* Appellants.

*Opinion filed January 21, 1943.*

SHAPIRO & LAURIDSEN, for appellants.

ARMEN. R. BLANKE, and JOSEPH J. TOLSON, for appellee.

Mr. JUSTICE FULTON delivered the opinion of the court:

The appellee, Mary Lang, filed a suit for injunction in the circuit court of Kankakee county praying that the appellants be restrained from obstructing a private driveway between the premises of the parties and further asking that the appellants, Edward H. Dupuis and Annette M. Dupuis, be required to remove a fence constructed by them on said driveway. The appellants answered the complaint, and, on hearing, the circuit court of Kankakee county, on June 25, 1942, entered a decree directing the appellants, Edward H. Dupuis and Annette M. Dupuis, to remove the fence erected by them in the middle of the driveway and perpetually enjoined them thereafter from in any way obstructing the private driveway. From this decree the appellants, Edward H. Dupuis and Annette M. Dupuis, bring an appeal to this court. The Kankakee Federal Savings and Loan

Association, a corporation, held a mortgage on the Dupuis premises and was made party defendant to the original complaint.

Lots 14 and 15 in block 3 of Hobbie Heights addition to the city of Kankakee are adjoining lots facing south upon East Court street in said city. The appellee, Mary Lang, owns lot 14 to the west and the appellants, Edward H. Dupuis and Annette M. Dupuis, own lot 15 to the east. The driveway in controversy occupies the east 3½ feet of lot 14 and the west 3½ feet of lot 15 and lies along the medial line between the two lots, being approximately 87 feet in length from north to south and 7 feet in width east and west.

Mary Lang acquired her property through G. W. Burrill and Oma F. Burrill about December 8, 1925, who had been in possession of the same property since about February 10, 1920. The Dupuis acquired their property about August 31, 1925, from Benjamin F. Denton who had been in possession of his property since about August 28, 1920.

During the summer of 1920 Burrill and Denton caused a cinder driveway to be laid out between their two properties. Both parties likewise built garages, Burrill's facing to the east and Denton's facing to the west, both at their end of the drive. About 1921, Denton intended to build a sidewalk from the street to the back of his house and asked Burrill to pay for a slab of cement on his side of the line, which, with the slab to be built by Denton, could be used as a driveway instead of a sidewalk. This was done. There was no written agreement and no conversation as to how long the driveway would stay as a driveway nor was there any time limitation put thereon. Both Burrill and Denton used the driveway in order to get to their respective garages from the time the driveway was first built until the property was sold by both Burrill and Denton and acquired by Mary Lang and the Dupuis. Since their acquisition, both Mary Lang and the Dupuis have

likewise been using these cement slabs as and for a cement driveway.

On or about April 26, 1942, the Dupuis erected a fence a few inches from the lot line on their side about 110 feet long almost down the middle ·of the driveway. There appears to have been some difficulty between the parties growing out of the use of the driveway by Mary Lang. Mrs. Dupuis contends that some time during 1936 and 1937 she had set a post out on her property at the rear of the driveway to protect her property from being run into by Mrs. Lang and told Mrs. Lang that if she did not like it there would be a line of posts down to the street as a fence. Mrs. Dupuis likewise said that Mrs. Lang thereupon volunteered that she would put in her own driveway. All of this conversation is categorically denied by Mrs. Lang.

At the rear of lots 14 and 15 there was an alley running east and west parallel to Court street. The east side of Mrs. Lang's house was 12½ feet from the driveway, but at the middle of the house where a bay window projected only about 8 feet 5 inches. Between the bay window and driveway was a rock garden. Between the front of the house and the driveway was a bridal-wreath hedge and a mock-orange hedge. Immediately to the south in front of these hedges there were 10-foot and 12-foot high cedar trees and a 9-foot high pine tree. The garage on the Lang house adjoined and was part of the rear of the house, being coated with stucco, in continuous line with the east edge of the house. At the rear of the garage 15 feet away was a rose arbor. Along the easterly edge of the property line were rosebushes and iris and a 12-inch box-elder tree. At the rear of the lot was a solid shrubbery hedge about 9 feet tall. Without the use of the driveway there was no means whereby Mrs. Lang could get her car out of, or into, the garage, without making considerable changes in her landscaping. There was no driveway running to the rear toward the alley in either lot up to the time the fence was

installed. Since that time the Dupuis have made a driveway running to the alley from their garage.

In her complaint the appellee charged that she, together with her predecessors in title, had been in actual, adverse, uninterrupted, exclusive and continuous use and occupancy of the said private driveway under a claim of right as an easement for more than twenty years last past and that the damage and injury caused by the erection of the fence will be recurrent, continuous and irreparable. The appellants answer denied the allegations of the complaint and charged that the use of the driveway was a permissive use only and not an easement.

The circuit court of Kankakee county found for the plaintiff and entered an order directing the removal of the fence and restraining and enjoining the defendants from ever obstructing the driveway and interfering with the right of the plaintiff to the use of the easement for the purposes of a private driveway, finding in the decree that the appellee and her predecessors in title had used the driveway for more than twenty-one years and that such use has been adverse, continuous, uninterrupted, open, peaceable, exclusive, with the knowledge of the defendants and their predecessors in title and under a claim of right.

The appellants insist that an easement, being an interest in land, cannot be created by parol but can be created only by grant, prescription or estoppel; that the plaintiff's right was only a license or privilege which is revocable; that a verbal permission or permissive use will not ripen into a prescriptive right however long a permissive use is enjoyed.

The appellee, Mary Lang, contends that by the use of the driveway under a claim of right for the period of over twenty-one years and with the knowledge of the appellants and their predecessors in title, the appellee acquired an easement over the west $3\frac{1}{2}$ feet of appellant's lot; and that even if it be determined that the appellee has only a license,

in equity, revocation under the circumstances would amount to fraud upon the appellee, Mary Lang.

A determination of these questions will be decisive of this case. It is well settled that a court of equity will restrain an interference with the enjoyment of an easement, even though the same has not been established at law, if it appears that the right is clear and certain and that an injurious interruption thereof is threatened. (*Espenscheid* v. *Bauer*, 235 Ill. 172.) An easement, it is fundamental, cannot be created by parol, but only by grant or by prescription which presumes a grant. (*Baird* v. *Westberg*, 341 Ill. 616; *Boland* v. *Walters*, 346 id. 184.) A license in respect of real property, on the other hand, is a permission or authority to do a particular act or series of acts upon the land of another without possessing any estate or interest in such land. *Kamphouse* v. *Gaffner*, 73 Ill. 453; *City of Berwyn* v. *Berglund*, 255 id. 498; *Boland* v. *Walters, supra.*

In the case of *Boland* v. *Walters, supra,* being a case involving a common driveway, it was said: "Unless the evidence be clearly to the contrary, a court will presume that a parol agreement to impress real property with a servitude was made with a knowledge of the provisions of the Statute of Frauds, and was therefore intended as a license only, and not as an easement. A parol license is revocable although a consideration has been paid or expenditures have been made upon the faith of the agreement. (*St. Louis Nat. Stock Yards* v. *Wiggins Ferry Co.*, 112 Ill. 384; *Girard* v. *Lehigh Stone Co. supra; Baird* v. *Westberg, supra.*) Courts of equity, however, will restrain the exercise of a legal right to revoke a license when the conduct of the licensor has been such that the assertion of the legal title would operate as a fraud upon the licensee. *Hunt* v. *Sain*, 181 Ill. 372; *Girard* v. *Lehigh Stone Co. supra; Baird* v. *Westberg, supra.*"

In the case of *Rush* v. *Collins,* 366 Ill. 307, being a case involving a private alleyway over which an easement was claimed, the court stated, on page 314, the following: "Whether there was adverse use of the alley under a claim of right for a period of twenty years, or the use of the alley was only permissive, is almost wholly a question of fact. (*Bald* v. *Nuernberger,* 267 Ill. 616; *Carroll* v. *Rabberman,* 240 id. 450.) To establish an easement in the land of another for a private right of way to and from adjoining property requires proof of the existence of the same elements necessary in the establishment of a public highway over private property by prescription. (*Parker* v. *Rosenberg,* 317 Ill. 511; *Schmidt* v. *Brown,* 226 id. 590.) The use must be adverse, uninterrupted, exclusive, continuous and under a claim of right. * * * The burden of establishing a prescriptive right rests on the party pleading it. (*Waller* v. *Hildebrecht,* 295 Ill. 116.) Where a way has been used openly, uninterruptedly, continuously and exclusively for more than a period of twenty years, the origin of the way not being shown, there is a presumption of a right or grant from the long acquiescence of the party upon whose land the way is located. This presumption of a grant or adverse right is *prima facie* merely and may be rebutted. * * * The facts to admit of such presumption, however, are not presumed but must be established by the greater weight of the evidence. (*Bontz* v. *Stear,* 285 Ill. 599; *Gilfoy* v. *Randall,* 274 id. 128.) Mere permission to use land cannot ripen into a prescriptive right, regardless of the length of time such permissive use is enjoyed. *Bontz* v. *Stear, supra; Waller* v. *Hildebrecht, supra."*

The testimony concerning the origin of the driveway was given by Benjamin F. Denton, the predecessor in title to Edward H. Dupuis and Annette M. Dupuis. He stated that the driveway was constructed in the spring of 1921; that he had intended building a sidewalk to the back of his

house and asked his neighbor, G. W. Burrill, to pay for a slab on his side of the line so that they could use it for a driveway instead of a sidewalk; that there was no written agreement and no conversation as to how long the driveway would stay as a driveway. Each party paid for the slab built on his particular lot.

In the case of *Baird* v. *Westberg, supra,* an almost identical situation existed. The owners of adjoining lots verbally agreed to the use of a common driveway centering upon the boundary between the lots. Baird, the plaintiff, afterwards filled in the front portion of his lot, landscaped it with trees and shrubbery, and built concrete walks and steps to the garage and to the driveway. Later the defendants notified Baird that they planned to have a driveway entirely on their own lot and expected the Bairds to likewise provide for themselves. Baird filed a bill to prevent the erection of a fence by the defendants, claiming an easement to use a four foot strip on the defendant's land. In reversing a decree in favor of the plaintiff, Baird, this court said: "It is fundamental that an easement in lands cannot be created by parol but only by grant or by prescription which presumes a grant. * * * A parol license is revocable though a consideration has been paid or expenditures have been made upon the faith of the agreement."

The appellees seek to distinguish that case because the mutual driveway had been in use only about six years. *Bontz* v. *Stear,* 285 Ill. 599, was a case where a plaintiff sought to restrain the defendant from using a wagon road across plaintiff's land. The road had been in use under a verbal agreement for nearly fifty years jointly and the repairs and upkeeps were shared. When a bridge was washed out, it was rebuilt and replaced at their joint expense and joint labor. Yet there it was held that such a verbal permission to pass over the lands of another cannot ripen into a prescriptive right, however long the permissive use is en-

joyed. It is our opinion in this case that Mary Lang had only a permissive use or license to use the common driveway. The same rule of law was announced in *Illinois Central Railroad Co.* v. *Stewart,* 265 Ill. 35.

The appellee further contends that even though it be determined that she has only a license, in equity, revocation under the circumstances would amount to fraud upon her rights to an easement. She relies in support of this rule on the case of *Girard* v. *Lehigh Stone Co.* 280 Ill. 479. In that case the Lehigh Stone Company had arranged with the owner of the land to pump water from its quarry out of the natural watershed into the ditch that existed across farm lands. Later the company agreed with Girard to deepen and enlarge the open ditch across his land at its expense. The company made many other valuable improvements, some to Girard's benefit, with the express understanding that it was to have the privilege of pumping and discharging its quarry waters across the land. This court held Girard estopped to revoke the license because to do so under the circumstances of that case would be a fraud. In the instant case the landscaping and improvements made to her lot by Mrs. Lang were not based upon any such contract or consideration and do not present a situation that falls within the exception to the general rule. There is no evidence in the record of any fraud practiced upon Mrs. Lang by the appellants in this case.

We believe the trial court erred in entering a decree which commanded the appellants to remove the fence and which restrained them from preventing the use by appellee of that part of the driveway constructed upon the lot of appellants.

The decree of the circuit court of Kankakee county will be reversed.

*Decree reversed.*