Gottlieb Domnitsky and Myrtle Domnitsky, Appellees, v. Clarence Hostick and Mae Hostick, Appellants.

Gen. No. 9,681.

Opinion filed March 3, 1950. Rehearing denied April 19, 1950. Released for publication April 20, 1950.

Roscoe Bonjean, of Springfield, for appellants.

Drach & Howarth, of Springfield, for appellees; George E. Drach and J. Waldo Ackerman, Jr., both of Springfield, of counsel.

Mr. Justice Dady delivered the opinion of the court.

This is an action in forcible entry and detainer in which the trial court, on motion of plaintiffs, entered a summary judgment in favor of Gottlieb Domnitsky and Myrtle Domnitsky, plaintiffs appellees, and against Clarence Hostick and Mae Hostick, defendants appellants, for the possession of the premises in question.

The amended complaint charged and defendants' amended answer admitted that the plaintiff, Gottlieb

Domnitsky, on February 7, 1946, owned a house and lot in the City of Springfield, that on said date plaintiffs, by warranty deed, conveyed said property to defendants, who were husband and wife, as joint tenants, reserving thereby to plaintiffs, and the survivor of them, life estates in the premises, and that by the acceptance of such deed the defendants agreed to keep the premises in repair and pay all taxes and special assessments thereon, and covenanted that in the event they failed so to do they would reconvey the premises to plaintiffs or the survivor of them.

The complaint then alleged that after the delivery of said deed the defendants, by permission of plaintiffs, entered into possession of the first floor of said house, that plaintiffs then moved into the second floor and have since continued to reside therein, that it was understood and orally agreed that defendants, as remaindermen, could reside on the first floor without payment of rent to plaintiffs so long as such possession and occupancy by defendants was amicable and did not interfere with the use, occupancy and quiet enjoyment of the premises by plaintiffs, and that no rent was to be paid by the defendants, that defendants thereafter commenced a course of conduct to annoy and harass plaintiffs by cutting and destroying trees, flowers and vegetables, by interference with plaintiffs' ingress and egress, and use of water and utilities, and by other acts calculated to annoy and harass plaintiffs and injure their life estate, that plaintiffs on July 23, 1948, pursuant to the statute, served a demand for possession on defendants, that plaintiffs were entitled to the possession of the premises, and that defendants unlawfully withheld possession thereof, although such demand had been made. The amended answer of defendants denied that after the delivery and acceptance of such conveyance the defendants entered into possession of the first floor of the house, but stated that pursuant to an oral agreement entered into between

the parties on February 7, 1946, defendants about February 7, 1946, moved into the house and lived therein with plaintiffs, that by agreement between the parties the plaintiffs agreed with defendants that plaintiffs and defendants would jointly occupy such house "for the duration of their lives" in consideration of defendants' agreement to pay the indebtedness of plaintiffs on a certain mortgage on said premises, and in consideration of the agreement by defendant to apply the proceeds of the sale of defendants' dwelling house at another location in Springfield to the repairing, altering and remodeling of the house in question, that as a part of said oral agreement plaintiffs and defendants further agreed that they would share all water, light, heat and gas bills incurred by reason of such joint occupation, that pursuant to said oral agreement defendants did use their own funds to satisfy said mortgage, did sell their home at such other location, and did apply the proceeds from such sale to the repair, alteration and remodeling of the premises in question, that pursuant to said oral agreement plaintiffs and defendants lived together in said house until the summer of 1947, but that during said time the plaintiffs failed to share in paying the water, light, gas and heating expenses incurred in such occupation; that in the summer of 1947, plaintiffs decided they wanted to occupy the second floor of said house as their separate quarters, and thereupon, with the understanding and oral agreement between the parties that the defendants would have to themselves the sole occupancy of the first floor of said house, the defendants expended a large amount of money in altering and remodeling the second floor to make such floor suitable as a separate housing unit for plaintiffs, that thereafter plaintiffs paid only a portion of their share of such water, light, gas and heating expenses, and have become indebted to defendants in a large amount of money in payment of plaintiffs' share of said ex-

penses, that on June 30, 1948, the plaintiff, Gottlieb Domnitsky, entered into a written agreement with the defendant, Clarence Hostick, and that by the terms of said agreement Gottlieb Domnitsky acknowledged the joint occupancy of said premises by all parties, and agreed to pay the defendant Clarence Hostick $8 a month to be applied on the light, gas, heating and water bills incurred in the joint occupancy of said premises, but that Gottlieb Domnitsky had never paid any part of said sum of money.

Such answer further denied that defendants' occupation of said premises was permissive only so long as the possession and occupation was amicable and did not interfere with the use, occupation and quiet enjoyment thereof by plaintiffs, and denied that defendants interfered with such joint right of plaintiffs to use, occupy and quietly enjoy said premises, but stated that any differences between plaintiffs and defendants was due solely to the failure of plaintiffs to pay their share of light, water, gas and heating bills.

Such answer further denied that defendants at any time commenced a course of conduct to annoy and harass plaintiffs by cutting and destroying trees, flowers and vegetables, by interference with plaintiffs' ingress and egress, by failure to furnish water and utilities, or by other acts calculated to annoy and harass plaintiffs, and alleged that defendants were under no legal obligation to furnish at their expense any water or utilities to plaintiffs. Such answer denied that plaintiffs were entitled to the exclusive possession of said premises, denied that defendants unlawfully held possession thereof, and alleged that defendants were lawfully in possession with plaintiffs pursuant to said ''oral agreement between the parties hereto as above alleged.''

On February 28, 1949, plaintiffs filed their motion for summary judgment on the ground that defendants had interposed no legal defense to the action, and that

300

defendants "continue to assert equitable defenses which are not proper or appropriate to an action in forcible entry and detainer," which motion was supported by the affidavit of Gottlieb Domnitsky. Such affidavit stated that the allegations contained in the complaint were true, and repeated such allegations.

The defendants filed their counter-affidavit of Clarence Hostick, which stated that the allegations contained in the amended answer were true, and repeated such allegations.

Plaintiffs contend that "The pleadings and supporting affidavits show that appellants' possession was by oral permissive use or oral license, which is revocable at the will of appellees as licensors, even though a consideration may have been paid or improvements may have been made upon the faith of an oral agreement." In support of such contention plaintiffs cite, *Baird v. Westberg,* 341 Ill. 616; *St. Louis Nat. Stock Yards v. Wiggins Ferry Co.,* 102 Ill. 514, and *Herrell v. Sizeland,* 81 Ill. 457.

The *Baird* case was a chancery proceeding in which an easement in the nature of a permanent interest in real estate was involved. The court there said that an easement could not be created by parol, and that such a parol license was revocable. In so holding the court said: "From the record it appears that the agreement between the litigants is nothing more than a parol license with reciprocal features, and at the time the verbal agreement was made in this case nothing was said or done which made the license perpetual or indicated that it should persist for a definite period. It was therefore revocable by either party at any time."

The *St. Louis Nat. Stock Yards* case was a forcible entry and detainer proceeding in which a like easement was involved, and the court there said that estoppels *in pais* affecting permanent interests in land can only be made available in courts of equity.

The *Herrell* case was an ejectment proceeding in which the court said, ''The evidence shows that there had been a verbal promise made by William Dewees to give the land to the defendants for taking care of him, but no deed or written contract had ever been executed. The facts proven could do no more than establish an equity in the defendants, which could not prevail, in an action at law, as against the legal title.''

██ In the instant case no permanent interest in real estate is involved. The answer and supporting affidavit show an express agreement for possession for a specified period of time, that is during the lives of plaintiffs, based on a good and valuable consideration. In our opinion such agreement was not revocable at the will of plaintiffs without the consent of defendants.

Plaintiffs next contend that ''The equitable defense of estoppel or estoppel *in pais* is not available in forcible detainer where possession is sought on revocation of an oral license or permissive use, and where the relations of landlord and tenant, lessor and lessee or vendor and purchaser are not asserted or established.''

██ It is our opinion that defendants' rights are not based on a mere oral license or permissive use, but on the alleged contract which, if proven, constitutes a complete legal defense to this proceeding,—a legal as distinguished from an equitable defense.

██ The purpose of a proceeding for summary judgment is to determine whether a defense exists. Where a defense raising an issue of fact as to plaintiffs' right to recover is set up, a summary judgment must be denied. (*Diversey Liquidating Corp. v. Neunkirchen,* 370 Ill. 523.)

The judgment of the circuit court is reversed, and the cause is remanded to such court with directions to set aside the summary judgment entered by it and proceed in a manner consistent with the views expressed herein.

*Reversed and remanded with directions.*