Emma N. Rose

*v.*

The City of Farmington.

*Opinion filed April 16, 1902.*

1. Highways—*what essential to establish a way by prescription.* In order to establish a way by prescription the use of the way must have been adverse, exclusive, continuous and uninterrupted for a period of twenty years, and with the knowledge of the owner of the land over which the way is claimed.

2. Same—*way by prescription must be shown to have been used under claim of right.* To create the presumption of a grant of a right of way, the circumstances attending its use must be such as to make it appear that it was established for the benefit of the claimant, or that it was accompanied by a claim of right, or by such acts as manifested an intention to enjoy it without regard to the wishes of the owner, and that it has not been regarded by the parties merely as a license, revocable at the pleasure of the owner.

3. Same—*owner may testify as to what his intention was.* While the acquiescence of the owner of the fee may be shown by his acts, yet he may testify as to what his intention was, and such testimony is to be considered in connection with all the other facts and circumstances of the case.

Appeal from the Circuit Court of Fulton county; the Hon. John A. Gray, Judge, presiding.

Chiperfield & Chiperfield, for appellant.

Frederick M. Grant, for appellee.

Mr. Justice Carter delivered the opinion of the court:

This was a bill for an injunction, filed in the circuit court of Fulton county by appellant, Emma N. Rose, to enjoin the appellee, the city of Farmington, from closing or obstructing a certain alleged private way claimed by her as an easement over a lot belonging to the appellee. There was a hearing before the court, which resulted in a decree denying the relief prayed for. From this decree the complainant took this appeal.

It appears that appellee is the owner of a lot in the city of Farmington lying south and west of appellant's premises, and that appellant claims a right, by prescription, to use the north twelve feet of appellee's lot as a driveway to get to that part of her premises lying east of appellee's lot. Appellee was about to erect on its premises a building which would cover the whole of this strip claimed as a driveway by appellant.

In order to establish a way by prescription the use and enjoyment of what is claimed must have been continued for a long period, to-wit, twenty years. It must have been adverse, under a claim of right, exclusive, continuous, uninterrupted, and with the knowledge and acquiescence of the owner of the land in or over which the easement is claimed. The adverse use which will give title, by prescription, to an easement is substantially the same in quality and characteristics as the adverse possession which will give title to the land in fee. (Washburn on Easements, 131; 19 Am. & Eng. Ency. of Law, 11; *City of Chicago* v. *Chicago, Rock Island and Pacific Railway Co.* 152 Ill. 561.) The adverse possession which is required to constitute a bar to the assertion of a legal title by the owner of it must include these five elements: It must be (1) hostile or adverse; (2) actual; (3) visible, notorious and exclusive; (4) continuous; and (5) under a claim or color of title. *Zirngibl* v. *Calumet Dock Co.* 157 Ill. 430.

In the case at bar there seems to be no controversy as to the fact that appellant and her predecessors in the title and occupation of the premises now owned by her, traveled over and used the strip in question as a driveway. Appellant's grantor, Mrs. Katherine Davis, testified that she never had the consent of any one for the purpose of using this roadway, and that there has never been any obstruction of any kind upon it. George Woodruff, the grantor of the last witness, testified that during the time he used it there were no objections raised from any source, neither did he at any time obtain anybody's

consent to its use. The driveway was not mentioned in any of the deeds to the premises. He never asked permission to use it—never claimed to own it. He said nothing to anybody and the owner said nothing to him. The alleged driveway seems to have been used there as early as 1872. Jotham Crane, who owned the lot now belonging to appellee from 1885 on, testified that this alleged way had been used by some persons to reach the Masonic and Odd Fellows' Hall, and a store, and certain coal houses on the next lot. Crane testified that while he owned the lot he had several talks about it with Mr. Dunn, appellant's father, who lived with her, and witness told him just as long as he owned or controlled the lot he would let him go across it; that he never talked about it with Woodruff or Mrs. Davis; that they used it as an accommodation; that nobody had any right to use it except those spoken of; that he wouldn't stop any person from going across a piece of ground he had if it didn't do him any harm. Mr. Dunn denied all knowledge of any such conversations with Crane. Other witnesses also testified that the way was used in getting to the coal houses. There was considerable testimony in regard to a fence and gate claimed to have been put across the end of this driveway, about 1885, and to have remained there a few years, but no one seemed to know who put it there, and a great many witnesses were positive that such gate never was there. It seems from the testimony that the north end of appellee's lot was never used or occupied by the owner, and was not fenced, except for the short time spoken of, and that not only appellant and her grantors, but the general public also, used the alleged way whenever they had occasion to use it. We do not find that any claim of right to use it was ever asserted by any of the witnesses. They used it because it was convenient and no one objected to its use.

To create the presumption of a grant of the right of way, the circumstances attending its use must be such as

to make it appear that it was established for the benefit
of the claimant, or that it was accompanied by a claim
of right, or by such acts as manifested an intention to
enjoy it without regard to the wishes of the owners of
the land.   The use must have been enjoyed under such
circumstances as will indicate that it has been claimed
as a right, and has not been regarded by the parties
merely as a privilege or license, revocable at the pleas-
ure of the owners of the soil. (*Dexter* v. *Tree,* 117 Ill. 532.)
While the acquiescence of the owner may be shown by
his acts, he is allowed to testify to what his intention
actually was, to be considered in connection with all the
other facts and circumstances in the case.   (*City of Chi-
cago* v. *Chicago, Rock Island and Pacific Railway Co.* 152 Ill.
561.)   In the case at bar, the alleged way was merely a
convenience for the owner of the lot north of it.   It was
not a necessity, for he could drive over his own lot to
reach that portion lying east of appellee's lot.   It is a
matter of common observation that the public makes use
of any open, unenclosed space which affords a more con-
venient way of reaching any given place than the regu-
lar way would, and it would be contrary to established
legal principles, and to natural justice as well, to allow
the public, under such circumstances and by the mere ac-
quiescence of the owner, to acquire the permanent right
of way. (*Kyle* v. *Town of Logan,* 87 Ill. 64; *Town of Brushy
Mound* v. *McClintock,* 150 id. 129.)   Mere permissive use is
never sufficient.   And the same is true in acquiring a
private way by prescription.   There is nothing in the
testimony to show that appellant or any of her grantors,
or any one else, ever claimed an adverse right to the use
of this supposed way.   All the testimony is consistent
with the permissive use of the same because the owner
did not need it for his own use,—was disposed to be ac-
commodating to his neighbors.   Nor was the use continu-
ous and uninterrupted, if we give credit to the testimony
of the witnesses concerning the fence and gate.   There

was conflicting evidence on some of the vital points to the controversy.

Counsel have favored us with able and exhaustive arguments, but we cannot agree to appellant's view of the case. The chancellor heard the evidence in open court, and we are not disposed on this record to disturb his decree dismissing the bill.    *Decree affirmed.*