202　　69
f205　²599

202　　69
f210　³194

THE CHICAGO, BURLINGTON AND QUINCY RAILROAD CO.

*v.*

FRANK IVES *et al.*

Opinion filed February 18, 1903—Rehearing denied April 17, 1903.

1. EASEMENTS—*permissive use does not ripen into a prescriptive right.* To establish a way by prescription the use must have been adverse, under claim of right, exclusive and uninterrupted and with the knowledge of the owner of the land for a period of twenty years.

2. SAME—*a claim of right is essential to a way by prescription.* It is essential to a way by prescription that the use be under such circumstances as to indicate that it was claimed as a right and was not regarded by the parties as a privilege or license.

3. RAILROADS—*what does not establish prescriptive way under trestle bridge.* A prescriptive right to a passageway for stock under a trestle bridge is not established by proof that it was used for more than twenty years without objection by the company, there being no evidence that such use was adverse or under claim of right as against the company; and the latter may, under such circumstances, at any time put in drain pipes and fill the ravine.

APPEAL from the Circuit Court of Mercer county; the Hon. FRANK D. RAMSAY, Judge, presiding.

WILLIAMS, LAWRENCE & WELSH, (CHESTER M. DAWES, of counsel,) for appellant.

BASSETT & BASSETT, for appellees.

Mr. JUSTICE HAND delivered the opinion of the court:

This was a bill filed by the appellees in the circuit court of Mercer county to enjoin appellant from closing the openings under two bridges, known as 45C and 45D, on the Keithsburg branch of its railroad, and for a decree establishing in the appellees a perpetual easement for the passage of their live stock across the right of way of the appellant beneath said bridges. The issues having been made up, the case was referred to the master to take proofs and report his conclusions. A report was filed by him recommending that a decree be entered in accordance with the prayer of the bill, which was approved, and, the action as to bridge 45D having been abandoned, a decree was entered granting the relief prayed for in the bill as to bridge 45C, and the record has been brought to this court for review, by appeal.

It appears from the proof that the railroad of appellant severs the 390-acre farm of appellees in such manner as to leave upon the south side of the right of way about 70 acres; that the railroad was constructed in 1869, and in 1879 Gideon Ives, the ancester of the appellees, conveyed to the appellant a strip of land one hundred feet in width across the said farm for right of way purposes, making no reservations in the deed, or otherwise. At the location of bridge 45C a ravine of considerable size crosses the right of way, and a pile bridge twenty feet high and seventy feet long was erected at that point. It has been repaired and re-built, and at one time shortened sixteen feet, by the appellant. The railroad was

enclosed by fences parallel with the lines of the right of way to the abutments of the bridge, and then at right angles up to the abutments, thus leaving an opening underneath the bridge, through which debris carried down by heavy rains could pass unobstructed across the right of way. The land upon the south of the right of way was without water for stock, and for more than twenty-five years Ives, and since his death the appellees, have used the opening beneath the bridge as a passageway for horses and cattle to and from the parts of the farm located upon the north and south sides of the right of way. A beaten track was made and was plainly visible beneath the bridge. Soon after the railroad was fenced, Ives built a fence upon his own land on the north side of the right of way at the opening, connected the ends thereof with appellant's fence, and put in a gate, which was under his control. Shortly prior to the filing of the bill appellant was preparing to place a large pipe in the opening and to fill up the ravine at bridge 45C, the effect of which would be to prevent live stock crossing appellant's right of way at that point.

No agreement or understanding of any kind was alleged or proved between Ives or his heirs and appellant, and the right of appellees, if any, arises by prescription. In order that a way may be established by prescription the use and enjoyment thereof must have been adverse, under a claim of right, exclusive, uninterrupted, and with the knowledge and acquiescence of the owner of the land in or over which the easement is claimed, for the period of twenty years. (*Rose* v. *City of Farmington*, 196 Ill. 226.) A mere permissive use never ripens into a prescriptive right. (Washburn on Easements, p. 132.) It must appear the use was enjoyed under such circumstances as to indicate that it was claimed as a right, and was not regarded by the parties as a mere privilege or license, revocable at the pleasure of the owner of the soil. (*Dexter* v. *Tree*, 117 Ill. 532.) The use of a way without objection or hin-

drance is not inconsistent with use by permission. (*Smith v. City of Sedalia,* 152 Mo. 283; 48 L. R. A. 711.)   The appellant had the right to construct a pile bridge over the ravine spanned by bridge 45C, and by so doing it did not convert the opening beneath it into a farm crossing, or confer the right upon Ives or his heirs or grantees to use it as a passageway for horses and cattle. There is no evidence of any adverse use or claim of right by the appellees in the opening.   The use, therefore, was permissive, only, and amounted to no more than a license, revocable at the pleasure of the appellant. (*Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Munsell,* 192 Ill. 430.) The ravine was crossed by the railroad of appellant in the usual way at the time it bridged the same, and the fact that Ives and his heirs used the opening without objection on the part of the appellant did not bar it of the right to change such construction and fill up the ravine when, in the judgment of its officers, the character of its trains and its increased business required that the pile bridge be eliminated from its road-bed. To create in appellees an easement by prescription in the passageway, in addition to a continuous and uninterrupted use and enjoyment thereof for twenty years with the acquiescence of the owner, it was necessary that it appear that such use and enjoyment were adverse to the owner and under claim of right. (19 Am. & Eng. Ency. of Law, pp. 9-11; *Chicago and Northwestern Railway Co.* v. *Hoag,* 90 Ill. 339; *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* v. *Munsell, supra.*) This the evidence failed to establish.

We are of the opinion a grant of the opening as a passageway cannot be presumed from the evidence found in this record:

The decree of the circuit court will be reversed and the cause remanded to that court, with directions to dismiss the bill for want of equity.

*Reversed and remanded, with directions.*