THE CHICAGO, BURLINGTON AND QUINCY RAILROAD CO.

*v.*

S. QUINCY JOHNSON.

*Opinion filed December 16, 1903.*

RAILROADS—*what necessary to establish a prescriptive way under trestle bridge.* To establish a way, by prescription, under a trestle bridge as a passageway for stock, the adverse use must be under circumstances indicating a claim of right, and not a mere privilege or license. (*Chicago, Burlington and Quincy Railroad Co.* v. *Ives*, 202 Ill. 69, followed.)

APPEAL from the Circuit Court of Mercer county; the Hon. FRANK D. RAMSAY, Judge, presiding.

SWEENEY & WALKER, (CHESTER M. DAWES, of counsel,) for appellant.

BASSETT & CARLSTROM, for appellee.

Mr. JUSTICE BOGGS delivered the opinion of the court:

The track of the railroad of the appellant company crosses from north to south a tract of land belonging to appellee, in Mercer county. A prior owner of the land conveyed a strip one hundred feet wide to the company in 1879, upon which the track was laid. The track of the company was carried over a depression or ravine by a bridge, of the length of about sixty-four feet when the road was first constructed, but subsequently the length of the bridge was reduced to forty-eight feet. In August, 1902, the company began the work of filling this depression under the bridge on its right of way with earth, providing an iron pipe of the requisite dimensions for the passage of water which might otherwise accumulate in the depression, when the appellee filed this his bill in chancery to restrain the construction of the fill, on the ground that he had acquired a permanent easement for a passageway of his teams and stock under the bridge by open, exclusive, adverse possession and use of such

passageway for more than thirty years. An answer was filed to the bill, replication to the answer, and an order entered referring the cause to the master. The master, upon consideration of the proofs submitted, made a report, finding that "neither the complainant, nor those through whom he claims, have at any time had twenty years' use and enjoyment of a passageway under that bridge which was adverse, under a claim of right, exclusive, uninterrupted, and with the knowledge and acquiescence of the defendant or those through whom it claims." Exceptions filed to the report were sustained by the chancellor and a decree entered granting the relief prayed in the bill, from which decree this appeal has been perfected.

It appeared from the evidence the appellee and those who owned the land prior to him had used the opening under the bridge as a passageway for teams and vehicles, and for cattle and other animals, for more than twenty years, but a careful investigation of the proof has disclosed to us that, as found by the master, the use was not adverse or under claim of right, but only a privilege or license, revocable at the pleasure of the company. The case, in all its essential features, is not distinguishable from that of *Chicago, Burlington and Quincy Railroad Co.* v. *Ives*, 202 Ill. 69, where a like easement was claimed by Ives. The principles of law there announced are applicable to the facts of this case. We there held that to establish the easement it must be made to appear that the use was adverse, and "was enjoyed under such circumstances as to indicate that it was claimed as a right, and was not regarded by the parties as a mere privilege or license, revocable at the pleasure of the owner of the soil," and the fact that the passageway was used "without objection or hindrance is not inconsistent with use by permission."

There is no proof in the case at bar of any oral claim of right to the passageway or of title thereto. The use made of the passageway under the bridge was not incon-

sistent with the fact or right of ownership in the railroad company, did not interfere in any way with the use of the property by the company or with the possession thereof by the company, or indicate in any manner that it was being used under any claim of right or with the intention of excluding the company. It was proven that at one time a prior owner of the tract of land put a gate under the bridge and nailed some boards to the piling on either side of the gate, and this prevented his stock from passing under the bridge except as he should admit it through the gate; but it was further proven this fence was removed in 1884 or 1885, and in 1885 the company re-built the bridge and shortened it some sixteen feet, which closed the opening where the gate had been; that the fence and gate were removed and passage thereafter was under other portions of the bridge. In constructing this new bridge the railroad company entered upon the ground over which the easement is claimed, without seeking permission from anyone, and without objection on the part of any person removed the old piling and put in new piling and supports in other places, shortened the bridge and treated and occupied the premises as its exclusive property and as being in its undisputed control and possession. Nor did anyone assert to the contrary, or in any way indicate any claim of ownership or right or easement therein.

The evidence was not sufficient to uphold the finding of the decree that an easement had been acquired by the appellee, or the order that the company should be restrained from constructing an embankment on which to carry its tracks over the depression, instead of continuing the use of a bridge for that purpose.

The decree must be and is reversed and the cause will be remanded, with directions to dismiss the bill.

*Reversed and remanded, with directions.*

Mr. Justice Scott took no part in the consideration or decision of this case.