(No. 12222.—Decree affirmed.)

GEORGE I. BONTZ *et al.* Appellees, *vs.* ROBERT STEAR *et al.* Appellants.

*Opinion filed December 18, 1918.*

1. EASEMENTS—*use must be adverse to establish a way by prescription.* In order that a way over lands may be established by prescription the use for the required period must not only be with the knowledge and acquiescence of the owner of the land, but must also be adverse, exclusive, uninterrupted and under claim of right.

2. SAME—*prescriptive way must originate in a claim of right and not by mere permission.* A verbal permission to pass over the lands of another cannot ripen into a prescriptive right, however long the permissive use is enjoyed.

3. SAME—*burden of proof where way by prescription is claimed as a defense to bill for injunction.* One claiming a way by prescription as defense to a bill to enjoin his use of the way, where the ownership of the land is conceded to be in the complainant, has the burden of establishing his claim.

4. SAME—*when way by prescription is not established.* A way by prescription is not established by proof that the owner of certain land verbally agreed to allow the owner of adjoining land to use a way over the promisor's land jointly with the promisor as long as the promisor lived, provided the other would pay half of the expense of keeping up the road and a bridge thereon, even though such use continues for more than forty years; nor is such prescriptive way established by a written agreement by the widow and heirs of the promisor extending such permission for a certain period.

5. APPEALS AND ERRORS—*what·alleged errors are harmless.* On the hearing of an injunction suit by the chancellor, alleged error in permitting an incompetent witness to testify to a certain fact is harmless where such fact is abundantly established by competent proof; nor is it harmful to refuse to allow a witness to testify to a matter which is admitted.

APPEAL from the Circuit Court of Peoria county; the Hon. JOHN M. NIEHAUS, Judge, presiding.

L. O. EAGLETON, for appellants.

CAMERON & CAMERON, for appellees.

Mr. JUSTICE STONE delivered the opinion of the court:

Appellees filed a bill in chancery in the circuit court of Peoria county against Robert Stear and Henry Wagner, appellants, asking for an injunction restraining appellants from using a certain wagon road across the lands described in the bill, now owned and occupied by appellees. Appellants answered, alleging a right of way over said lands by prescription, and filed a cross-bill praying for an injunction restraining appellees from interfering with the free use of said road by appellants. The cause was referred to the master in chancery, who heard the evidence and recommended that the prayer of the bill be allowed and that the cross-bill be dismissed for want of equity. The chancellor, on hearing on exceptions to the master's report, overruled the same and entered a decree in accordance with the prayer of the bill and dismissed the cross-bill. From this decree appellants have appealed to this court.

The question to be decided here is whether or not appellants have, by adverse use under the law, acquired an easement over the lands in question. Appellees contend that, admitting the use of the road in question by the appellants, such use was at all times a permissive use and therefore it could not ripen into a prescriptive right.

The undisputed facts are, that appellees, with Charles M. Kingsley, their predecessor in title, and George O. Kings-

ley, his predecessor in title, have owned and occupied successively, for over fifty years, the northwest quarter of section 28, township 9, north, range 7, east of the fourth principal meridian, in Peoria county, across which this road extended. Appellants and their predecessors in title owned and occupied the land lying directly west of the land of appellees and adjacent thereto. The road claimed by appellants extended in an easterly direction from the land of the appellants across the land of the appellees to the public highway known as the Southport road. The free and unobstructed use of said road by appellants and their predecessors in title for nearly fifty years is not disputed. The evidence shows that about the year 1869 Charles M. Kingsley, the immediate predecessor in title to the land owned by appellees, owned land immediately west of the land now owned by appellants and began the first use of this roadway in going to and from said land from his house. About that time Richard Stear, who was the father of appellant Robert Stear, and of Thomas Stear, grantor of appellant Henry Wagner, also commenced the use of said road. The joint use of this road continued down to the death of Charles M. Kingsley, who died in 1911. The repairing and upkeep of this road was shared by Richard Stear (and later by appellants) and Charles M. Kingsley. When the bridge in this roadway was washed out by the heavy rains it was replaced at their joint expense and joint labor. This is admitted in the answer of appellants, they also averring that the bridge in the road in question was necessary to Kingsley's use of said roadway. Chester E. Kingsley testified that he heard a conversation between his father, Charles M. Kingsley, and Richard Stear, appellants' predecessor in title, concerning this road, and that his father said to Stear, "You help keep up this bridge as long as I live, you can have a road through here as long as I live," to which Stear replied that that was all right; that they would help keep it up. This, he testified, occurred while these parties were

putting in a bridge in the road in question to replace one washed out. George Kingsley testified that at the time of a dispute concerning some damage done to a cornfield of Richard Stear by hogs belonging to Charles M. Kingsley the question of the road was discussed, and that Charles M. Kingsley then told Stear that if he would keep up one-half of the expense of the road in question he (Stear) could use it as long as he (Kingsley) owned the place, provided they could agree, and that Stear made no dissent. This testimony is not refuted except in a negative manner by witnesses who stated they did not hear conversations between these parties concerning this road. Numerous witnesses testified to the joint use of this road by Kingsley and Richard Stear. This fact is not inconsistent with the permissive use of the same. Appellants do not contend that an easement was established by grant.

Complainants offered and put in evidence an instrument in writing dated December 20, 1911, as follows:

"Whereas Thomas Stear and Robert Stear, of the town of Kickapoo, in the county of Peoria and State of Illinois, have heretofore by a verbal agreement with Charles M. Kingsley, late of said town of Kickapoo, traveled over a certain traveled track from the northeast quarter of the northeast quarter of section twenty-nine (29) to a road running through the northwest quarter of the northwest quarter of section twenty-eight (28), all in said township; and whereas said Charles M. Kingsley recently departed this life, and for the purpose of having some definite understanding between said Stear and the heirs and widow of said Kingsley:

"Now, therefore, the said widow and heirs-at-law of said Kingsley do hereby agree with the said Thomas and Robert Stear that they may continue to travel over said traveled track from said northeast quarter of said northeast quarter to the road on said northwest quarter of said northwest quarter, in said town of Kickapoo, until said premises are sold or divided among the heirs of said Kingsley, in consideration of which said Stears agree with Kingsleys to pay one-half of the expense of keeping up a bridge over the creek between said road on said northwest quarter and the said northeast quarter, and said Kingsleys agree with the said Stears to pay one-half of the expense of keeping up a bridge over said creek or stream during the time this contract continues in force."

This agreement was signed by the heirs of Charles M. Kingsley, deceased, including Lillian Bontz, one of the appellees. It was also signed by Thomas Stear, grantor of appellant Henry Wagner, but was not signed by appellant Robert Stear, the evidence showing that he declined to sign the same, giving as a reason that he did not understand it. While the agreement is not binding, as an agreement, on appellant Robert Stear, it does show that Thomas Stear, who used the road with him and whose claim to a prescriptive right must arise from the same source, did not, at the time of the execution of said agreement, claim a right to the use of said roadway but recognized that said use was permissive. This, of itself, is sufficient to destroy the claim of appellant Henry Wagner, his grantee, who seeks to tack his use to that of his grantor.

It is urged with much earnestness that evidence of joint upkeep of this roadway by Charles M. Kingsley and the Stears is proof of appellants' contention for a prescriptive right, in that it shows acquiescence on the part of Kingsley to said use. Acquiescence, alone, for the statutory period of time is not sufficient to create a prescriptive easement. In fact, acquiescence is always to be found in a permissive use. In order that a way may be established by prescription the use of the same must be not only with the knowledge and acquiescence of the owner of the land over which it is claimed to extend, for a period of twenty years, but must, in addition thereto, be adverse, exclusive, uninterrupted and under a claim of right for that period. (*Chicago, Burlington and Quincy Railroad Co.* v. *Ives,* 202 Ill. 69.) It is a fundamental rule of the law of prescription that all rights of prescription by which property is acquired or lost are founded on the presumption that he who has had the quiet and uninterrupted possession of anything for many years has a just right, without which he would not have been permitted to continue its enjoyment. It must originate under a claim of right and not under a mere permission. (*Dexter*

v. *Tree,* 117 Ill. 532.) A verbal permission to pass over the lands of another cannot ripen into a prescriptive right, regardless of the length of time such permissive use is enjoyed. Permissive use may be rescinded at any time. (*City of Quincy* v. *Jones,* 76 Ill. 231.) The burden of establishing a prescriptive right as a defense to an action of this character, where the ownership of the land traversed is conceded to be in the complainant, rests on the party pleading it. While the law presumes an easement when facts are shown which admit of such presumption, yet such facts are not presumed but must be established by the greater weight of the evidence. (*Gilfoy* v. *Randall,* 274 Ill. 128.) Such facts do not appear to be so established by this record.

Error is assigned on the ruling of the trial court permitting Elizabeth M. Kingsley, widow of Charles M. Kingsley, to testify concerning a certain conversation between Charles M. Kingsley and Richard Stear, it being contended that she was an incompetent witness. The hearing was before the chancellor, and the record contains, aside from her testimony, abundant proof that the use of the roadway was permissive. We do not, therefore, consider the error alleged as sufficient to affect the finding of the chancellor or to warrant a reversal.

It is also contended that the chancellor erred in refusing to permit appellant Robert Stear to testify, of his own knowledge, as to the length of time the road in question had existed. It is admitted that the road had existed for nearly fifty years prior to the commencement of this suit. Stear, therefore, was not injured by a refusal to permit him to testify concerning a fact admitted.

We find no reversible error in the record. The decree of the circuit court will be affirmed. *Decree affirmed.*