FIRST NATIONAL BANK OF MATTOON, as Trustee, Plaintiff-Appellant, *v.* ROLAND D. SPANIOL *et al.*, Defendants-Appellees.

(No. 12159;

Fourth District—October 31, 1974.

Muller & Komada, of Charleston (S. John Muller, of counsel), for appellant.

Richard F. Record, Jr. and Stephen L. Corn, of Craig & Craig, of Mattoon (Jack E. Horsley, of counsel), for appellees.

Mr. JUSTICE TRAPP delivered the opinion of the court:

Plaintiff appeals from a judgment for the defendant entered upon its complaint seeking declaration of an easement upon defendant's land and for the injunction restraining defendant from interfering with plaintiff's ingress and egress. Defendant and plaintiff own adjacent homes on a street in Charleston, Illinois, and this dispute arose from defendant's refusal to allow the plaintiff to utilize a driveway located between the two homes but situated entirely on defendant's property.

Plaintiff argues on appeal that it is entitled to a presumption of an easement by grant, that the record shows its predecessors had satisfied the requirements for an easement through adverse possession, and that it would be fraudulent for defendants to deny it access in the driveway.

As to plaintiff's assertion that it is entitled to a presumption of an easement by grant, we observe that the language of *Petersen v. Corrubia*, 21 Ill.2d 525, 531, 173 N.E.2d 499, 502, is controlling:

"There is, however, a rebuttable presumption of a grant or adverse right present where a way has been used openly, uninterruptedly, continuously and exclusively for more than 20 years and the origin of such way is not shown. In the absence of evidence tending to show the use of the way to have arisen from a license or other special indulgence which is either revocable or terminable, the conclusion is that it has grown out of a grant by the owner of the land, and has been exercised under a title so derived. The facts to admit of such presumption, however, are not presumed but must be established by the greater weight of the evidence. *Rush v. Collins*, 366 Ill. 307; *Bontz v. Stear*, 285 Ill. 599."

Unlike *Petersen*, the record here provides evidence as to the origin of a permissive license allowing the prior occupants of plaintiff's house to use the driveway in question. Petitioner's own witness testified that the home in which the defendants now reside was erected by his parents in 1914 or 1915, and that his parents had entered into an informal agreement with the prior occupants of plaintiff's home, allowing them to utilize the driveway in question, but not to block or obstruct it. The

witness added that he and his parents occupied the defendant's premises up until approximately 1935, and that the predecessors of plaintiff were allowed by his parents to utilize the driveway permissively up until that time. Since the origin of this alleged "easement" was established at trial by plaintiff's own witness, the subsequent continued use of the driveway created no presumption of an easement by grant.

We also find nothing in the record showing that the use of the driveway by plaintiff's predecessors in title was adverse or continuous under claim of right for the period of limitations necessary to sustain a claim by plaintiff to an easement by adverse possession. There is evidence that plaintiff's predecessor, Mrs. Harwood, had no automobile and did not use the driveway, and that as to persons residing in her home and the guests of such persons, Mrs. Harwood would not permit the parking of automobiles in the drive. It appears that the only uses permitted were short intervals to unload personal belongings. Defendant, Roland Spaniol, testified that he had blocked the drive with a trailer for a year prior to the time plaintiff purchased the property.

We note, moreover, that the complaint and the evidence show that the asserted use by plaintiff's predecessors was upon vacant and unoccupied land and thus comes within the rule that the presumption of a grant from use does not arise. *Rita Sales Corp. v. Bartlett*, 129 Ill.App. 2d 45, 263 N.E.2d 356.

■■ Finally, it is urged by petitioner that it would work a fraud upon it to allow the defendant to continue denying access rights in the driveway. In support of this point, plaintiff relies on the case of *Petersen v. Corrubia*, 21 Ill.2d 525, 531, 173 N.E.2d 499, 502, insofar as it holds that one may not properly revoke a license which has not ripened into an easement if such revocation would operate as a fraud. Unlike *Petersen*, there is nothing here to suggest detrimental reliance on the part of plaintiff and this case is not analogous to *Mercer v. Sturm*, 10 Ill.App.3d 65, 293 N.E.2d 457, where the defendant had knowingly allowed the plaintiff to make capital improvements on a driveway prior to asserting an interest. The beneficiary of the trust prosecuting this appeal testified that he acquired this property in 1971, and that prior to his purchase he had no conversation or dealings with the defendants. He further admitted that at the time of his purchase he had no personal knowledge of the fact that the previous owners had used the driveway on defendant's property. Accordingly, we find plaintiff's issue as to fraud to be without merit.

Since there are no facts in the record upon which the court could have justifiably found that the plaintiff acquired an easement, either by

grant or prescription, it is not necessary to discuss the admissibility of certain evidence introduced by the defendant.

The judgment of the trial court is affirmed.

Affirmed.

SMITH, P. J., and CRAVEN, J., concur.