ANNE KLOBUCAR, Plaintiff-Appellant, v. MARY STANCIK, Defendant-Appellee.

First District (5th Division)   No. 84—0201

Opinion filed November 22, 1985.

Matthew W. LaKoma, of Callahn & Fitzpatrick, of Chicago, for appellant.

Strauss, Sulzer, Shopiro & Wilkins, Ltd., of Chicago (David G. Wilkins, of counsel), for appellee.

JUSTICE LORENZ delivered the opinion of the court:

Plaintiff Anne Klobucar filed a two-count amended complaint seeking declaration of an easement over defendant Mary Stancik's adjoining land and seeking to have defendant enjoined from erecting a fence to block plaintiff's access to the land. The circuit court of Cook County granted defendant's motion for summary judgment and plaintiff appealed that order.

We affirm.

The parties reside on adjoining lots on South Pulaski Road in Chicago. Their dispute concerns plaintiff's use of defendant's driveway to gain access to two parking spaces behind plaintiff's house.

In 1949 defendant and her husband, Edward Stancik (now deceased), acquired title to a tract of land commonly known as 10339-10349 South Pulaski Road in Chicago. In August 1950, plaintiff's predecessors in title, Helen and John Cherne (plaintiff's mother and brother, now both deceased) purchased from the Stanciks the south 30 feet of that property. The Chernes constructed a two-story building on the property in 1952. Plaintiff, 30 years old at the time, moved in with Helen and John and with her sister, Marie Cherne. In 1980 plaintiff acquired title to the property through inheritance from John Cherne.

The building's dimensions prevented a driveway from being built from Pulaski to the rear of the home where two parking spaces were located. Initially, parking was permitted on Pulaski, which bordered the property on the west. The land to the east and south was vacant. Subsequently parking was banned on Pulaski. In 1958 the Chicago Transit Authority constructed a fence along the length of the property's southern border. In 1981 a fence was erected along the entire east property line. By 1981 a restaurant was located on the parcel to the east, along with parking spaces. The restaurant owner allowed some of plaintiff's tenants to park at the restaurant and gave access to plaintiff's building through a pedestrian gate in his fence. In deposition testimony, plaintiff stated that she had never inquired about the possibility of parking there or of having a larger gate constructed to permit automobile access to her parking spaces.

It is undisputed that from 1952 to the time of this lawsuit plain-

tiff's predecessors in title and plaintiff used defendant's driveway to gain automobile access to the parking spaces behind plaintiff's home. The parties do not agree on all the circumstances surrounding that usage. We will discuss those circumstances as they pertain to our evaluation of plaintiff's easement theories.

We first consider plaintiff's contention that a prescriptive easement was established over defendant's driveway. A claimant seeking to establish an easement by prescription must show that the use of the land was adverse, uninterrupted, exclusive, continuous, and under a claim of right for more than 20 years. (*Petersen v. Corrubia* (1961), 21 Ill. 2d 525, 173 N.E.2d 499.) In order to establish the claim of right element the plaintiff would have to show that she and her predecessors in title acted in a manner indicating a right to use the defendant's driveway unrelated to any license or permission for that use from defendant or her predecessors in title. (*Healy v. Roberts* (1982), 109 Ill. App. 3d 577, 440 N.E.2d 647.) But in this cause the plaintiff affirmatively stated in her deposition testimony that defendant had specifically given her permission to use the driveway for access to plaintiff's parking spaces. Plaintiff also admitted that her predecessors in title had for several months paid defendant's husband $10 a month for the use of the driveway as access to the parking spaces. Defendant confirmed this in her deposition testimony, stating that these payments began in 1963 and continued for a year and a half. This undisputed evidence from both plaintiff and defendant establishing that the use of the driveway had been pursuant to a license thus negated one necessary element of plaintiff's prescriptive easement claim, that the usage took place under claim of right. Accordingly, the circuit court properly granted defendant's motion for summary judgment as to plaintiff's claim of a prescriptive easement.

Plaintiff also contended that she was entitled to an easement by estoppel. A court of equity may impose such an easement as a remedy on behalf of one who, in reliance upon the representations of an adjoining landowner concerning a purported easement, has taken an action concerning his land which would not have been taken absent those representations. See *Cihak v. Klekr* (1886), 117 Ill. 643, 7 N.E. 111; 25 Am. Jur. 2d *Easements* sec. 18 (1966).

Plaintiff relies on two independent representations allegedly made by defendant and defendant's husband. One of those representations allegedly made at the time the Chernes purchased the property was that an alley existed along their eastern property line. Presumably this alley would have provided alternative access to plaintiff's parking spaces. But a party pleading equitable estoppel must prove

reliance on representations concerning which the party had no knowledge and no convenient means of obtaining such knowledge. (*Meakens v. City of Chicago* (1980), 86 Ill. App. 3d 60, 407 N.E.2d 893.) We concur with the circuit court's holding that as a matter of law plaintiff could not reasonably claim reliance on a representation of a fact which was subject to ready verification through public records.

The second representation, allegedly was also made by defendant and her husband, and occurred at the time plaintiff's house was being constructed. Plaintiff stated in her deposition that construction was temporarily halted when the Chernes realized they would need a driveway. Defendant and her husband then told the Chernes not to worry, that they would sell additional land to them for a driveway and the Chernes completed construction of the building without leaving space for a driveway. The primary difficulty with plaintiff's reliance on this representation to defeat defendant's summary judgment motion is that it constitutes inadmissible hearsay. In her deposition and in a supporting affidavit, plaintiff never stated that she heard this representation being made. Indeed, plaintiff stated in her deposition that her statement concerning this representation was hearsay. She subsequently indicated that she had heard this information from her sister and her mother, further stating: "All I know is they were supposed to, they were going to sell property to [the Chernes] and I don't know what happened."

■ Affidavits supporting or opposing a motion for summary judgment must be made on the personal knowledge of the affiant and must affirmatively show that the affiant can testify competently to the facts stated therein. (87 Ill. 2d R. 191(a).) This rule on its face applies only to affidavits, but comparable standards apply to other material, such as depositions, for consideration in a summary judgment proceeding, since the court is evaluating all the material as if it were trial evidence and a directed verdict was being contemplated. (*Unzicker v. Chambers* (1972), 8 Ill. App. 3d 992, 291 N.E.2d 231; see *Fooden v. Board of Governors* (1971), 48 Ill. 2d 580, 587, 272 N.E.2d 497, 500, *cert. denied* (1972), 408 U.S. 943, 33 L. Ed. 2d 766, 92 S. Ct. 2847; Laycock, *Dispositive Pre-Trial Motions in Illinois,* 9 Loy. Chi. L.J. 823, 843-44 (1978).) On this same basis we find that the circuit court properly struck two affidavits from witnesses for the plaintiff who stated only that they "became aware of certain conversations" in which defendant and her husband allegedly made representations concerning the alley and the sale of additional land. Because nothing in these affidavits established that the affiants had personal knowledge of these alleged representations, the circuit court

could not consider them on defendant's summary judgment motion. *Anderson v. Dorick* (1975), 28 Ill. App. 3d 225, 327 N.E.2d 541.

Defendant in her deposition had specifically denied that any of these representations were made. In the light of these evidentiary facts, plaintiff's unsupported allegation did not raise a question of fact as to this issue, and the circuit court properly granted defendant's motion for summary judgment as to plaintiff's claim of an easement by estoppel. *Lesnik v. Estate of Lesnik* (1980), 82 Ill. App. 3d 1102, 403 N.E.2d 683.

The judgment of the trial court is affirmed.

Judgment affirmed.

MEJDA, P.J., and SULLIVAN, J., concur.