THE TOWN OF DEER CREEK ROAD DISTRICT, Plaintiff-Appellee, v.
DONALD J. HANCOCK *et al.*, Defendants-Appellants.

Third District    No. 3—89—0672

Opinion filed May 31, 1990.

568

Robert L. Metzler, of Pekin, for appellants.

Black, Black & Brown, of Washington (Kenneth L. Black, of counsel), for appellee.

JUSTICE STOUDER delivered the opinion of the court:

This is an appeal from an order of the circuit court of Tazewell County declaring a certain road to be a public highway. The sole issue on appeal is whether or not Hancock Road (road) is a public highway.

The record shows that on February 8, 1989, the Town of Deer Creek road commissioner held a public hearing regarding the proposed widening and altering of the road. After listening to arguments for and against the proposal, the commissioner found said widening and altering of the road to be a public work, for a public use, and constituting a public purpose, namely, a public highway. Thereafter, the Town of Deer Creek Road District (Deer Creek) sought an agreement with the abutting landowners, including the appellants, Donald and Nancy Hancock (the Hancocks), concerning just compensation. No agreement, however, was ever reached. As a result, Deer Creek filed

a complaint for condemnation seeking to exercise its alleged right of eminent domain over a portion of the Hancocks' land for purposes of widening and altering the road. Deer Creek claimed that the road had become a public highway through prescriptive use by the public for 15 years pursuant to section 2—202 of the Illinois Highway Code (Ill. Rev. Stat. 1987, ch. 121, par. 2—202). The Hancocks presented a motion to dismiss the complaint, arguing that the road was not a public highway. The trial court, however, found the road to be a public highway. On appeal, the Hancocks contend the trial court's judgment is against the manifest weight of the evidence.

The road, located in a rural area of Deer Creek Township, is a narrow, one-lane, gravel, "L"-shaped dead end. The record does not disclose the road's origin. In the past, Deer Creek has dug new ditches, put in culverts, and widened and graveled the road. Deer Creek continues to blade the grass and plow the snow on the road. School buses and mail carriers use the road, and since 1964, Illinois motor fuel tax funds have been allocated to Deer Creek for the road.

At trial, evidence was adduced regarding the public's use of the road. Various witnesses testified that the road had been used by the public and maintained by public authorities for more than 15 years. Duane Eichelberger, an abutting landowner, testified that when he moved onto the property at the end of the road 37 years ago Deer Creek maintained the road. In addition, Deer Creek presented the testimony of the former and present road commissioners for the past 35 years. The commissioners testified, *inter alia,* that Deer Creek has in the past dug new ditches, built new culverts, bladed the grass, plowed the snow, widened the road, and that maintenance of the road does not differ from that of other Deer Creek roads. One of the commissioners also noted that the Hancocks have, on occasion, called Deer Creek asking that the township plow the snow on the road. Deer Creek also adduced evidence indicating that salesmen, hunters, and construction trucks have used the road in the past; and that in 1924 one Earl Stechman used the road to walk to school. The Hancocks did not produce any witnesses.

At the close of the evidence, the Hancocks presented a motion to dismiss. The trial court denied the motion. The court noted that once public use has been shown, the burden is on the party who denies the existence of a public highway to show that the public use was under some license or indulgence inconsistent with the claim of right by the public. (*Neely v. Coffey* (1980), 81 Ill. 2d 439, 410 N.E.2d 839.) The court determined that the Hancocks did not prove that the public use of the road was at their sufferance or by their permission. The trial

court then made the ruling a final and appealable order pursuant to Supreme Court Rule 304(a) (107 Ill. 2d R. 304(a)).

The Hancocks contend that the trial court's finding that the road was a public highway by prescription was against the manifest weight of the evidence. According to the Hancocks, the only people who travel upon the road are those who enter the road by mistake; social invitees of the landowners; an occasional hunter; and those who service the families living on the road.

Under section 2—202 of the Illinois Highway Code, a private road becomes a public highway if it is used by the public for the requisite 15-year period. (Ill. Rev. Stat. 1987, ch. 121, par. 2—202.) The requirements necessary to establish a public highway by prescription under the statute are the same as those necessary to establish a private easement by prescription. (*Batchelder Co. v. Gustafson* (1975), 32 Ill. App. 3d 14, 335 N.E.2d 565.) The evidence must establish a well-defined route of travel for a period of at least 15 years, and the public's use must be adverse, under a claim of right, continuous and uninterrupted, with the knowledge of the owner but without his consent. (*Zacny v. Sasyk* (1975), 30 Ill. App. 3d 93, 332 N.E.2d 568.) Our supreme court has further stated:

> "The test in determining whether a road has become a highway is whether or not the public generally had the free and unrestricted right in common to use the road, and where it is shown to have been openly and notoriously used as an open public highway in common by all the people for the statutory period it will be considered a public highway." *Lee v. Dickman* (1925), 316 Ill. 529, 533, 147 N.E. 380, 381.

The Hancocks argue that the public's past use of the road was permissive and not adverse. Thus, the evidence does not establish its status as a public highway. The Hancocks observe that it is a necessary element of proof that the public's use of the road be shown to be with the knowledge but without the consent of the owner, as mistaken or permissive use cannot ripen into a prescriptive right. (*People ex. rel. Carson v. Mateyka* (1978), 57 Ill. App. 3d 991, 373 N.E.2d 471.) According to the Hancocks, they did not present testimony indicating that anyone ever objected to the public's use of the road because the abutting landowners gave permission to those who used the road. The Hancocks state that since the public's use of the road was permissive, there was no reason to interrupt what little traffic there was on the road. We find the Hancocks' argument unavailing.

The burden of proof of the elements of prescription rests on the party pleading the prescription. (*Village of Cypress v. Green*

(1987), 154 Ill. App. 3d 119, 506 N.E.2d 762.) However, once a roadway is shown to have been used and enjoyed by the public for the time required by statute, a presumption arises that such grant or use was prescriptive, and the burden is on the one denying the existence of a public highway to show that the use was under some license or indulgence inconsistent with the claim of right in the public. (*Swinford v. Roper* (1945), 389 Ill. 340, 59 N.E.2d 863.) The Hancocks did not rebut this presumption. Indeed, at trial, the Hancocks offered no evidence. Instead, the Hancocks sought, by cross-examination of Deer Creek's witnesses and in closing argument, to establish that the road is a narrow, dead end road and that, in order for a motorist to turn around on it, the motorist must enter onto private land abutting the road. This the Hancocks proved. The Hancocks did not prove, however, that they or other abutting landowners, at any time, put up any kind of barricade or other means to prevent the public's use of their land.

In addition to the general public's use of the road, Deer Creek also presented substantial evidence of public maintenance of the road. It is well settled that maintenance of a road by public authorities is a strong indication that the road is a public highway. (*Walden v. Bourn* (1973), 10 Ill. App. 3d 289, 296 N.E.2d 92.) The record indicates, as explained in detail earlier, that Deer Creek has maintained and made substantial improvements to the road for at least the past 35 years. This evidence of long-term public maintenance of the road, when coupled with the Hancocks' failure to present any testimony rebutting the evidence of the general public's use of the road, firmly establishes that said road is a public highway.

The Hancocks propose that because the road's origin was not known, this case is analogous to *People ex. rel. Carson v. Mateyka* (1978), 57 Ill. App. 3d 991, 373 N.E.2d 471, wherein the court found the road to be private. Where a way has been used openly, uninterruptedly, continuously and exclusively for more than a period of 20 years, the origin of the way not being shown, there is a presumption of a right or grant from the long acquiescence of the party upon whose land the way is located. (*Rush v. Collins* (1937), 366 Ill. 307, 8 N.E.2d 659.) In *Mateyka*, the landowners asserting an adverse claim of right had easements over the ground on which the road was located. Although the opinion is not entirely clear, the court seemed to indicate that the road's origin was the easements. Thus, the presumption in favor of a public highway never arose. Here, in contrast, the origin of the road was not shown. The Hancocks, we conclude, failed to rebut the presumption in favor of a public highway.

572

■ In cases such as this, the test is not the number of persons actually using the disputed road, but the character of the use, namely, whether or not the public, generally, have had the free and unrestricted right to use the road. (*Verh v. Morris* (1951), 410 Ill. 206, 101 N.E.2d 566.) In the instant case, the evidence established that the general public had the free, unrestricted use of the road, the abutting landowners made no attempt to interrupt the public's use, and Deer Creek has maintained the road for over 30 years. We conclude, therefore, that the trial court's findings were correct in that there was an open, notorious, and uninterrupted use of the tract of land known as Hancock Road by the public without permission or consent of the abutting landowners for more than 15 years.

For these reasons, we affirm the judgment of the circuit court of Tazewell County.

Affirmed.

SCOTT and BARRY, JJ., concur.