PEGGY L. SPARLING, Plaintiff-Appellee, v. FON DU LAC TOWNSHIP *et al.*, Defendants-Appellants.

Third District    No. 3—00—0451

Opinion filed March 6, 2001.

Brad A. Elward, Karen L. Kendall, Timothy L. Bertschy (argued), and Mark A. Ludolph, all of Heyl, Royster, Voelker & Allen, of Peoria, for appellants.

Scott E. Umland (argued), of James L. Hafele & Associates, of Peoria, for appellee.

JUSTICE SLATER delivered the opinion of the court:

Plaintiff, Peggy L. Sparling, brought an action for ejectment against defendants, Fon du Lac Township and Fon du Lac road and bridge commission, seeking the removal of a drainage pipe maintained by defendants. After a bench trial, the trial court granted plaintiff the relief she requested. This appeal followed.

Since November 1995, plaintiff has been the fee owner of a parcel of land commonly known as lot 226. At some unknown time prior to 1983, defendants acquired an express easement to maintain a drainage pipe within a 10-foot-wide strip along the southwest line of lot 226. Five feet of the easement burden lot 226. The remaining five feet burden the adjoining lot 227.

In 1983, defendants moved the drainage pipe two to three feet outside the easement onto lot 226. In 1993, Gerald Gray became the fee owner of lot 226. In June 1995, Gray sent a letter to defendants advising them of the encroachment and requesting that defendants remove the pipe. In 1996, plaintiff, now the fee owner of lot 226, through her attorney, sent defendants a letter expressing her objection to the encroachment. Defendants admitted receipt of these letters in their response to a pretrial request to admit.

In May 1999, plaintiff filed her ejectment action against defendants. Defendants raised the affirmative defense that public use of plaintiff's land had established a prescriptive easement pursuant to section 2—202 of the Illinois Highway Code (605 ILCS 5/2—202 (West 1998)).

The matter proceeded to a bench trial. Larry Borton, the elected road commissioner for Fon du Lac Township between 1980 and 1993, testified that a resident of the home located on lot 226 observed him move the drainage pipe in 1983. Although the resident chatted with Borton on a number of occasions while Borton was moving the pipe, the resident never voiced any objection to Borton's work or gave him any permission to continue. Borton also testified that he was unaware until shortly before trial that the drainage pipe was outside the bounds of the express easement. Borton's successor as road commissioner, Terry Tucker, testified that he only became aware that the pipe lay outside the easement in October 1999 when he reviewed the results of a survey conducted at the request of the township.

The trial court found for plaintiff and ordered defendants to remove the drainage pipe from the area lying outside the express easement. The trial court rejected defendants' claim that a prescriptive easement had been established. In particular, the trial court ruled that defendants did not occupy plaintiff's land under a claim of right because the encroachment was the result of a mistake. The trial court also found that defendants failed to show that plaintiff's predecessors in title knew about the encroachment for the statutory period required to establish a prescriptive easement. In particular, the trial court reasoned that plaintiff could not be charged with knowledge of defendants' encroachment until the date Gerald Gray complained to defendants and requested removal of the drainage pipe.

On appeal, defendants contend that the trial court erred by ruling: (1) that a prescriptive easement could not be established through the mistake of the encroaching party; and (2) that defendant failed to show plaintiff's knowledge of the encroachment for the statutory period required for establishment of a prescriptive easement. In response, plaintiff contends that, in addition to the reasons given by the trial court, she is entitled to judgment because defendants failed to prove acquiescence to the encroachment in light of her objection and that of her predecessor in title.

■ At common law, 20 years of continuous public use were necessary to establish a highway by prescription. *Doss v. Bunyan*, 262 Ill. 101, 104 N.E. 153 (1914). Under section 2—202 of the Illinois Highway Code (605 ILCS 5/1—101 *et seq.* (West 1998)), the term "highway" includes "drainage structures" and is, among other things, "any pub-

lic way *** used by the public as a highway for 15 years." 605 ILCS 5/2—202 (West 1998).

A statute in derogation of the common law is to be strictly construed and cannot be interpreted to change the common law beyond what is expressed by the words of the statute or what is necessarily implied from them. *Bush v. Squellati*, 122 Ill. 2d 153, 522 N.E.2d 1225 (1988). Accordingly, Illinois courts have interpreted section 2—202 and its predecessors as changing the time within which a highway might be established by prescription but not doing away with any of the other common law requirements for establishing a prescriptive easement. See *Feldker v. Crook*, 208 Ill. App. 3d 1012, 567 N.E.2d 1115 (1991) (requirements necessary to establish public highway by prescription under statute same as those necessary to establish private easement by prescription); *Town of Deer Creek Road District v. Hancock*, 198 Ill. App. 3d 567, 555 N.E.2d 1147 (1990) (same); *Doss*, 262 Ill. 101, 104 N.E. 153 (enactment of statutory period for establishment of public highway by prescription and subsequent amendments did not abolish other common law requirements for establishing easement by prescription).

■ To establish an easement by prescription, the claimant must prove that the use of the land was adverse, exclusive, continuous, and under a claim or title inconsistent with that of the true owner. *Wehde v. Regional Transportation Authority*, 237 Ill. App. 3d 664, 604 N.E.2d 446 (1992). These elements must be simultaneously present for the statutorily mandated period. See *Wehde*, 237 Ill. App. 3d 664, 604 N.E.2d 446. With respect to the element of adversity, the claimant must show that the use of the property was with the knowledge and acquiescence of the owner but without his permission. *Wehde*, 237 Ill. App. 3d 664, 604 N.E.2d 446. However, where the property has been used in an open, uninterrupted, continuous and exclusive manner for the required period, adversity will be presumed and the burden of proof shifts to the party denying the prescriptive easement to rebut the presumption. *Wehde*, 237 Ill. App. 3d 664, 604 N.E.2d 446.

■ We agree with defendants that they are not precluded from establishing a prescriptive easement because the public use of plaintiff's land resulted from a mistake. In the context of a claim of title by adverse possession, our supreme court held that the fact that the party claiming title by adverse possession took possession through mistake or ignorance as to boundary lines is immaterial to the adverse character of the claim. *Joiner v. Janssen*, 85 Ill. 2d 74, 421 N.E.2d 170 (1981). Plaintiff claims that *Joiner* is distinguishable from the case at bar as it is an adverse possession case while the instant case involves a prescriptive easement. We acknowledge that there are significant dif-

ferences between a claim of title by adverse possession and a claim of an easement by prescription. However, we discern no reasoned basis to declare that mistaken possession is immaterial to an effort to obtain fee title to land, but the same mistake is fatal to a claim seeking limited possession, use, or enjoyment of land. Accordingly, defendants' mistake as to the boundary of the express easement does not defeat their claim to a prescriptive easement.

■ In addition, the trial court was wrong to conclude that plaintiff could not be charged with knowledge of defendants' encroachment until the date of Gerald Gray's letter to defendants. As noted previously, once continuous public use for the statutory period is demonstrated, the burden of proof shifts to the party denying a prescriptive easement to rebut the presumption that the other elements are present. See *Wehde*, 237 Ill. App. 3d 664, 604 N.E.2d 446. One such element is the fee owner's knowledge of the public use. *Verh v. Morris*, 410 Ill. 206, 101 N.E.2d 566 (1951). The fee owner's knowledge may be inferred from the manner, character, and frequency of the public's use. *Verh v. Morris*, 410 Ill. 206, 101 N.E.2d 566.

Here, continuous public use of plaintiff's land for the statutory period was not disputed by the parties. Plaintiff, therefore, had the burden of rebutting the presumption that she and her predecessors in title knew of defendants' encroachment. Plaintiff presented no evidence tending to rebut the presumption. Consequently, the trial court's finding that plaintiff could not be charged with knowledge of defendants' encroachment until the date of Gray's letter is contrary to the manifest weight of the evidence.

■ Having rejected the trial court's rationale for its judgment, we consider plaintiff's argument that the judgment should nevertheless be sustained because plaintiff rebutted the presumption that she acquiesced to defendants' encroachment. See *Messenger v. Edgar*, 157 Ill. 2d 162, 623 N.E.2d 310 (1993) (reviewing court may sustain trial court's judgment on any ground supported by the record).

Defendants argue that it is not necessary to show the acquiescence of the fee owner in order to establish a prescriptive easement. Moreover, defendants contend that such a requirement is incompatible with the requirement that the public use be without the consent of the fee owner. We reject both of these propositions.

It is beyond peradventure that acquiescence of the fee owner is necessary to establish an easement by prescription in Illinois. Not all rhetorical formulations of the elements required to a finding of a prescriptive easement contained in Illinois case law use the term "acquiescence." See, *e.g.*, *Swinford v. Roper*, 389 Ill. 340, 344, 59 N.E.2d 863, 865 (1945) ("use must be adverse, under claim of right, continu-

ous and uninterrupted, with the knowledge of and without the consent of the owner of the estate"). Nonetheless, the supreme court precedent that includes the term is legion. See, *e.g.*, *Nitterauer v. Pulley*, 401 Ill. 494, 82 N.E.2d 643 (1948); *Bontz v. Stear*, 285 Ill. 599, 121 N.E. 176 (1918); *City of Princeton v. Gustavson*, 241 Ill. 566, 89 N.E. 653 (1909); *Chicago, Burlington & Quincy R.R. Co. v. Ives*, 202 Ill. 69, 66 N.E. 940 (1903); *Rose v. City of Farmington*, 196 Ill. 226, 63 N.E. 631 (1902); *City of Chicago v. Chicago, Rock Island & Pacific Ry. Co.*, 152 Ill. 561, 38 N.E. 768 (1894); *Chicago & Northwestern Ry. Co. v. Hoag*, 90 Ill. 339 (1878). Accordingly, as these cases have not been overruled and are controlling authority, this court has no option but to follow them.

In addition, requiring the acquiescence of the fee owner is not inconsistent with the rule that the consent of a fee owner can never ripen into a prescriptive right. Clearly, a fee owner may acquiesce to public use of his land without giving consent. Mere acquiescence is not consent. See *Bontz*, 285 Ill. 599, 121 N.E. 176. The passive fee owner may choose to remain silent and not object to public use of his land yet, nevertheless, withhold his consent. If he does so for 15 years or more, he runs the risk that the public will acquire the legal right to its use of the land.

Recognizing, then, that acquiescence of the fee owner is necessary to establishing a prescriptive easement, we must determine whether plaintiff rebutted the presumption that she and her predecessors in title acquiesced in defendants' encroachment. Gerald Gray's letter of June 1995 and plaintiff's own 1996 letter clearly put defendants on notice that the fee owner of lot 226 objected to the encroachment of the drainage pipe. Defendants' receipt of these letters within the 15-year statutory period for establishing a public way by prescription is judicially admitted. Accordingly, we hold that plaintiff rebutted the presumption of acquiescence and, thereby, rebutted the presumption of a prescriptive easement. See *Hoag*, 90 Ill. 339; see also *Ruck v. Midwest Hunting & Fishing Club*, 104 Ill. App. 2d 185, 243 N.E.2d 834 (1968). Therefore, we affirm the trial court's judgment ordering defendants to remove the drainage pipe from that portion of plaintiff's land lying outside the express easement.

For the foregoing reasons, the judgment of the circuit court of Tazewell County is affirmed.

Affirmed.

HOLDRIDGE, J., concurs.

JUSTICE BRESLIN, specially concurring:

I agree with the majority's analysis except with respect to its extension of the rule set forth in *Joiner v. Janssen*, 85 Ill. 2d 74, 421 N.E.2d 170 (1981), regarding mistake, as it applied to the facts of this case. As the majority points out, *Joiner* was concerned with adverse possession while this case concerns a prescriptive easement. Still, the majority applies the *Joiner* court's analysis of mistake to this case because, it surmises, there is no basis for differentiating between the mistaken possession of a fee title to land and the mistaken possession of an easement. I disagree.

In *Joiner*, the supreme court held that mistake as to a boundary line does not negate an adverse or hostile claim of title because, if it did, there would exist no protection to the landowner who "innocently and mistakenly occupies and improves land" beyond his boundaries. *Joiner*, 85 Ill. 2d at 83, 421 N.E.2d at 175. Thus, the person who, for instance, mistakenly builds a portion of his home over the boundary line separating his land and another's land will be protected if the other elements for an adverse possession are met. This is logical. A court would be reticent to force the homeowner to tear down his dwelling after inhabiting it for the statutory period simply because his possession was not sufficiently adverse due to a mistaken belief that the whole of his home was rightfully built on his land.

It is not similarly logical to apply this rule of mistake to a prescriptive easement. Extensive improvements are not likely to be made to an easement. Additionally, as the majority points out, acquiescence or knowledge of the fee owner is necessary to establish an easement by prescription in Illinois. *Ruck v. Midwest Hunting & Fishing Club*, 104 Ill. App. 2d 185, 243 N.E.2d 834 (1968). No similar acquiescence of the fee owner is necessary for an adverse possession to occur. See *Joiner*, 85 Ill. 2d at 81, 421 N.E.2d at 174. Accordingly, assuming extensive improvements to an easement are made, such as the paving of a road, the doctrine of equitable estoppel would sufficiently protect the owner of the easement. See *Klobucar v. Stancik*, 138 Ill. App. 3d 342, 485 N.E.2d 1334 (1985) (a court of equity may impose an easement by estoppel as a remedy on behalf of a party who, in reliance upon the conduct of the adjoining landowner concerning the purported easement, has taken an action concerning his land which would not have been taken absent that conduct).

I would apply the position espoused in *People ex rel. Carson v. Mateyka*, 57 Ill. App. 3d 991, 373 N.E.2d 471 (1978), that use by mistake is not sufficiently adverse or under claim of right to establish a public way by prescription. I suggest that Larry Borton's mistaken

belief that he was positioning the pipe within the easement is the basis upon which Peggy Sparling should prevail. Therefore, I specially concur.